| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe – State Bar No. 137019<br>Rafael Garcia-Salgado – State Bar No. 283230<br>GOE FORSYTHE & HODGES, LLP<br>18101 Von Karman Avenue, Suite 1200<br>Irvine, CA 92612<br>RGoe@goeforlaw.com<br>RGarcia@goeforlaw.com<br>Telephone:  (949) 798-2460<br>Facsimile:  (949) 955-9437<br><br>☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>PH DIP, INC.,<br><br><br>                                      Debtor(s). | CASE NO.: 2:18-bk-15972-WB<br>CHAPTER: 11<br>ADVERSARY NO.: 2:20-ap-01125-WB |
|---|---|
| PH DIP, INC.,<br><br><br>                                      Plaintiff(s),<br><br>            vs.<br><br>F5 FINANCIAL, INC., A TEXAS CORPORATION; , et al.<br><br><br><br>                                      Defendant(s). | **REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)**<br><br><br>[No Hearing Required] |

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1.  Name of Defendant against whom default is sought (*specify name*): Brian Zheng

2.  Plaintiff filed the complaint in this adversary proceeding on (*specify date*): 05/20/2020

3.  The summons and complaint were served on Defendant by  ☐ Personal Service  ☒ Mail Service
    on the following date (*specify date*): 05/22/2020

4.  A conformed copy of the executed service of summons form is attached hereto.

5.  The time for filing an answer or other responsive pleading expired on (*specify date*): 06/22/2020

6.  No answer or other responsive pleading has been filed or served by Defendant.

WHEREFORE, Plaintiff requests that the clerk of the court enter a default against this Defendant.


Date:  12/10/2020                           /s/Robert P. Goe
                                            Signature
                                             Robert P. Goe
                                            *Printed name of Plaintiff or attorney for Plaintiff*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P Goe<br>Goe & Forsythe, LLP<br>18101 Von Karman, Ste 1200<br>Irvine, CA 92612<br><br>949–798–2460<br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br>PH DIP, Inc<br><br><br><br>Debtor(s). | CASE NO.: 2:18–bk–15972–WB<br><br>CHAPTER: 11<br><br>ADVERSARY NUMBER: 2:20–ap–01125–WB |
|---|---|
| PH DIP, Inc<br><br><br>Plaintiff(s)<br>Versus<br><br>F5 Financial, Inc.<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **06/22/2020.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Date:** | **July 21, 2020** |
|---|---|
| **Time:** | **02:00 PM** |
| **Hearing Judge:** | **Julia W. Brand** |
| **Location:** | **255 E Temple St., Crtrm 1375, Los Angeles, CA 90012** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>May 21, 2020</u>

By: <u>"s/" William C. Kaaumoana Jr.</u>

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                     Page 2                     **F 7004–1.SUMMONS.ADV.PROC**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| PH DIP, Inc | F5 Financial, Inc.<br>James Gilmore Butler<br>James G. Butler in his Capacity as President and Director of F5 Financial Inc.<br>David Feltman<br>David Feltman dba Law Office of David Feltman<br>Brian Zheng<br>DOES 1 to 25 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

1    Robert P. Goe – SBN 137019
     Rafael R. Garcia-Salgado – SBN 283230
2    **GOE FORSYTHE & HODGES LLP**
     18101 Von Karman Ave., Ste. 1200
3    Irvine, CA 92612
     RGoe@goeforlaw.com
4    RGarcia@goeforlaw.com
     Telephone:  (949) 798-2460
5    Facsimile:   (949) 955-9437

6    Attorneys for PH DIP, Inc.

7

8                   **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>PH DIP, INC.,<br><br>       Debtor and Debtor in Possession. | Case No.  2:18-bk-15972-WB<br><br>Chapter 11 Case<br><br>Adv. Case No.: 2:20-ap-_____-WB |
| PH DIP, INC.,<br><br>       Plaintiff,<br><br>-vs-<br><br>F5 FINANCIAL, INC., A TEXAS CORPORATION; JAMES GILMORE BUTLER, III; JAMES G. BUTLER IN HIS CAPACITY AS PRESIDENT AND DIRECTOR OF F5 FINANCIAL INC.; DAVID FELTMAN; DAVID FELTMAN DBA LAW OFFICE OF DAVID FELTMAN; BRIAN ZHENG; and DOES 1-25.<br><br>       Defendants. | **COMPLAINT FOR:**<br><br>1.   **AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFERS;**<br><br>2.   **AVOIDANCE AND RECOVERY OF INTENTIONAL FRAUDULENT TRANSFERS;**<br><br>3.   **AVOIDANCE AND RECOVERY OF PROPERTY OF THE BANKRUPTCY ESTATE; AND**<br><br>4.   **BREACH OF FIDUCIARY DUTY** |

23

24        PH DIP, Inc., formerly known as Playhut, Inc., a California Corporation, the Debtor and

25 Debtor-in-Possession (the "<u>Debtor</u>" or "<u>Playhut</u>" or "<u>Plaintiff</u>") and Plaintiff in this adversary

26 proceeding, respectfully represents and alleges as follows:

27        ///

28        ///

                                          1

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding under 28 U.S.C. § 1334 because the claims asserted herein arise under title 11 of the United States Code or arise in or relate to the Chapter 11 case of the debtor and debtor-in-possession, PH DIP, Inc., currently pending in the Bankruptcy Court as Bankruptcy Case 2:18-bk-15972-WB (the "Playhut Bankruptcy Case"). The outcome of this adversary proceeding will have a significant effect on the bankruptcy estate because it will impact the disposition of property of the estate and the amount of money available for distribution to creditors.

2.      This action is a core proceeding under 28 U.S.C. § 157(b).

3.      Pursuant to FRBP 7008, the Debtor consents to the Bankruptcy Court entering final judgment and order. Each Defendant is hereby notified that FRBP 7008(a) requires each Defendant to plead whether the claims for relief alleged against such Defendant are core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

4.      This adversary proceeding involves property worth more than $1,000 and does not involve a consumer debt.  Venue in this judicial district is appropriate under 28 U.S.C. §§ 1408 and 1409(a) and/or (c) because Debtor's bankruptcy case is pending in the Central District of California.

## II. THE PARTIES

5.      The Debtor is a corporation organized under the laws of the State of California.

6.      On May 24, 2018 (the "Petition Date"), the Debtor filed for bankruptcy protection under chapter 11 of the Bankruptcy Code.

7.      On December 3, 2018 an Order was entered granting the Debtor's *Motion for Order Authorizing Change in Case Caption*, in accordance with the name change of Playhut, Inc., to PH DIP, Inc. [Docket No. 266].

8.      The Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

2

9.      On information and belief, on and before the Petition Date, and continuing to the present, Defendant F5 Financial, Inc. ("F5 Financial") was a corporation organized under the laws of the State of Texas.

10.      On information and belief, on and before the Petition Date, and continuing to the present, Defendant James Gilmore Butler, III ("Butler") was an individual who resides in the state of Texas. Butler is the president of F5 Financial.

11.      On information and belief, on and before the Petition Date, and continuing to the present, Defendant David Feltman ("Feltman") was an individual residing and doing business in the State of Illinois. Feltman is an attorney at law doing business as the Law Office of David Feltman.

12.      On and before the Petition Date and continuing to the present, Defendant Brian Zheng ("Zheng") was an individual residing in the State of California. Zheng is the sole shareholder, President, and Chief Executive Officer of the Debtor.

13.      Defendants DOES 1 through 25, inclusive, whether individual, corporate, associate, alter ego, or otherwise, are fictitious names of F5 Financial, Butler, Feltman, and/or Zheng (collectively, "Defendants"), or their agents, whose true names and capacities, at this time, are unknown to Plaintiff.  Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, each Defendant sued herein as a DOE was acting for itself or its agent, servant, employee, and/or alter ego of its Co-Defendants, and in doing the things hereinafter mentioned, was acting in the course and scope of its authority as such agent, servant, employee, and/or alter-ego, and with the permission and consent of its Co-Defendants; and that each of said fictitiously named Defendants, whether acting for itself or as agents, corporations, associations, or otherwise, is in some way liable or responsible to Plaintiff on the facts hereinafter alleged, and caused injuries and damages proximately thereby, as hereinafter alleged.  At such times as Defendants' true names and capacities become known to Plaintiff, Plaintiff will ask leave of this court to amend this Complaint to insert said true names and capacities.

14.      Each of the Doe defendants is an immediate or mediate transferee of the fraudulent

3

1    or otherwise avoidable transfers alleged in this Complaint, or of the proceeds of such fraudulent or

2    otherwise avoidable transfers, and did not take such transferred property for value, in good faith,

3    and without knowledge of the avoidability of such transfers.

4                 **III.   GENERAL ALLEGATIONS**

5         15.     The allegations contained in paragraphs 1-13, inclusive, are re-alleged and

6    incorporated herein by this reference, as though set forth in full.

7    ***Playhut, Brian Zheng, and Related Entities***

8         16.     Founded in 1992, Playhut became a leader in the toy industry, producing toys that

9    allowed children to play in imaginative and educational ways, including indoor and outdoor play

10    structures, baby structures, dolls, and plushes that incorporated interactive features such as games

11    and themed environments. With licenses from Disney, Nickelodeon, Sesame Street, and others

12    that allowed Playhut to put their images on its play structures, Playhut grew into a toy producer

13    with significant market share of toy structures and other products for primarily the toddler age

14    range. Playhut had relationships with major retailers such as Wal-Mart, Canadian Tire, TJ Max,

15    Walgreens, and Amazon.

16         17.     At the head of Playhut was its founder, sole shareholder, President, and Chief

17    Executive Officer, Brian Zheng, who was ultimately responsible for overseeing the day-to-day

18    business operations and financial performance of Playhut and who was involved in supervising all

19    aspects of Playhut's financial affairs.

20         18.     During the four years leading up to the Petition Date, Zheng was causing Playhut to

21    pay millions of dollars to third parties for his personal benefit and/or on behalf of his personal

22    obligations.

23         19.     Utilizing funds transferred from Playhut prior to the Petition Date, Zheng was able

24    to and did maintain an extravagant lifestyle, including several luxury cars, a multi-million dollar

25    11,000-square-foot home, and the like.

26         20.     Utilizing funds transferred from Playhut prior to the Petition Date, Zheng,

27    individually, and along with his relatives, also directly or indirectly acquired and operated multiple

28    other entities, including Patent Category Corporation, Azillion LLC, I Chef Inc., and Nearby

110634069.v1

1    Kitchen LLC (the "Zheng Controlled Entities").

2

3    ***Playhut's Financial Collapse***

4    21.    By 2017, Playhut was already in serious financial difficulty, and its overall

5    financial condition, including its significant debts, rendered it insolvent, undercapitalized, and

6    unable to pay its debts as they became due in the ordinary course of business.

7    22.    Unfortunately, Zheng either could not or would not scale back his or the Zheng

8    Controlled Entities' (into which Zheng was diverting Playhut's money) business operations or

9    expenses or his personal lavish lifestyle. Instead, Zheng kept spending Playhut's money and

10    causing Playhut to take on additional debt while leaving significant creditors unpaid in a bid to

11    support his lavish lifestyle.

12    23.    On May 24, 2018, Playhut filed for bankruptcy protection under chapter 11 of the

13    Bankruptcy Code. According to Playhut's *Schedules of Assets and Liabilities*, its assets totaled

14    approximately $4 million while its liabilities totaled approximately $21 million.

15    ***The Playhut Bank Account of Preferred Bank***

16    24.    At all relevant times, Playhut maintained its main corporate bank account at

17    Preferred Bank (the "Preferred Bank Account"), located in California. That account remained

18    open until after Playhut filed bankruptcy. As a general matter, money from business loans to

19    Playhut and cash receipts from Playhut's business operations were received into that account.

20    Similarly, Playhut paid its business expenses from that account. The Preferred Bank Account was

21    disclosed in the general ledger and other books and records of Playhut. Similarly, the flow of

22    Playhut's money into and out of that account was also disclosed in Playhut's records. When Zheng

23    personally signed the *Schedules and Statement of Financial Affairs* filed in Playhut's bankruptcy

24    case, he disclosed the Preferred Bank Account in those filings.

25    25.    Although the Preferred Bank Account was the business bank account for and

26    contained only the money of Playhut, at Zheng's instruction, payments were made from that

27    account to support his opulent life style and personal proclivities, including: (a) to operate the

28    Zheng Controlled Entities; and (b) to pay his personal expenses charged on his multiple credit

5

1  cards.

2  ### *The F5 Financial Transfers*

3      26.    Among the payments that Zheng caused to be made from Playhut's money in the

4  Preferred Bank Account for purposes unrelated to Playhut or its business are the following

5  payments to Defendant F5 Financial (the "Transfers"):

| Bank Account | Date of Transfer | | Amount |
|---|---|---|---|
| Preferred Bank- General Checking Account No. #6699 | 4/13/2017 | Wire Transfer | $322,919.99 |
| Preferred Bank- General Checking Account No. #6699 | 4/17/2017 | Wire Transfer | $305,262.63 |
| Preferred Bank- General Checking Account No. #6699 | 8/15/2016 | Wire Transfer | $3,500.00 |
| Preferred Bank- General Checking Account No. #6699 | 8/24/2016 | Wire Transfer | $3,500.00 |
| | **TOTAL** | | **$635,182.62** |

    27.    Defendant F5 Financial was not a creditor of Playhut; instead, it bore no

relationship to Playhut or its business. All payments that Zheng caused Playhut to make to F5

Financial were for the sole benefit of Zheng and the Zheng Controlled Entities, had no legitimate

business purpose, and were not for the benefit of Playhut or its creditors.

    28.    On or about the same date as Playhut's transfer of $322,919.99 to F5 Financial,

Defendant Butler transferred $86,469.79 from F5 Financial to Defendants DOES 1-25.

    29.    On the same date as the Debtor's transfer of $305,262.63 to F5 Financial,

Defendant Butler transferred $44,670.00 to Defendants DOES 1-25.

    30.    On or about the same date as Playhut's transfer of $322,919.99 to F5 Financial,

Defendant Butler transferred $218,510.20 from F5 Financial to Feltman.

    31.    On or about the same date as Playhut's transfer of $305,262.63 to F5 Financial,

Defendant Butler transferred $208,400 from F5 Financial to Feltman.

    32.    Defendants F5 Financial and/or Butler also retained certain of the funds from the

Transfers.

    33.    Zheng's transfers to F5 Financial as described above lacked any business purpose

110634069.v1

1    and depleted the Debtor's business checking account to levels insufficient to pay the Debtor's

2    debts as they came due.  By April 28, 2020, the Debtor had only $16,843.52 in its business

3    checking account.

4           34.    Through transferring $635,182.62 of the Debtor's funds to F5 Financial without

5    any legitimate business purpose, Zheng diverted, dissipated, and unduly risked the Debtor's assets

6    that might otherwise have been used to satisfy creditors' claims. Zheng thereby breached his duty

7    of care to the Debtor by mismanaging the Debtor and failing to diligently operate the Debtor's

8    corporate business.  Zheng's mismanagement permitted the Debtor's funds to be diverted to

9    Defendants F5 Financial, Butler, and Feltman, at the expense of the Debtor's legitimate business.

10   ### IV.   <u>FIRST CLAIM FOR RELIEF</u>

11   **(Avoidance and Recovery of Intentional Fraudulent Transfers Pursuant to 11 U.S.C. §§**

12   **502(d), 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07, 3439.08)**

13   **[Against All Defendants]**

14          35.    The allegations contained in paragraphs 1 through 34, inclusive, are re-alleged and

15   incorporated herein by this reference as though set forth in full herein.

16          36.    During the four-year period immediately preceding the Petition Date, Zheng caused

17   Playhut to make the Transfers to or for the benefit of Defendants.

18          37.    The Transfers were made by Playhut, at Zheng's direction, with the actual intent to

19   hinder, delay, or defraud its creditors. Specifically, Zheng caused Playhut to make these Transfers

20   to or for the benefit of the Defendants to fund Defendant Zheng's opulent personal lifestyle and

21   personal proclivities and residence, and not to sustain or promote the business of Playhut, even

22   though he knew or consciously or recklessly chose to ignore the facts known to him that strongly

23   suggested that Playhut was in dire financial straits and was undercapitalized, insolvent and unable

24   to pay its debts as they became due in the ordinary course of business.

25          38.    The Defendants did not take any of the Transfers for a reasonably equivalent value

26   and/or did not take such Transfers in good faith. Specifically, the Defendants: (a) knew or

27   consciously or recklessly chose to ignore facts known to them that strongly suggested that they

28   were being paid by Playhut because the transfers were identified as emanating from that entity; (b)

7

1  knew or consciously chose to ignore facts known to them that strongly suggested that the services,

2  if any, that Defendants provided in exchange for those payments were not for Playhut but rather

3  were for Zheng or a Zheng Controlled Entity; and (c) knew or consciously or recklessly chose to

4  ignore facts known to them that strongly suggested the services, if any, provided by them for such

5  payments conferred no or less than substantially equivalent value upon Playhut.

6      39.    The Transfers were made either in anticipation of bankruptcy and/or to prevent the

7  Debtor from paying its debts.

8      40.    The Transfers were made for the purpose of preventing a prospective bankruptcy

9  trustee and/or creditors of the Debtor from obtaining the value of the Transfers.

10     41.    The Transfers were made with the actual intent to hinder, delay, or defraud

11  creditors, including the Debtor.

12     42.    At all relevant times, the Transfers were voidable under Cal. Civ. Code §§

13  3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against

14  Playhut that were and are allowable against its estate under 11 U.S.C. § 502, or that were not and

15  are not allowable only under 11 U.S.C. § 502(e).

16     43.    The Transfers were fraudulent transfers avoidable under 11 U.S.C. §§ 544 and 548

17  and California Civil Code §§ 3439.04, 3439.07, and 3439.09.  The Debtor may recover for the

18  benefit of the estate the Transfers, or the value of the Transfers, from Defendants, or any

19  immediate or mediate transferee of the Defendants, pursuant to 11 U.S.C. §§ 548, 550, and 551.

## V.   SECOND CLAIM FOR RELIEF

**(Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§
544(b), 548, 550(a), 551; California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.08,
3439.09)**

**[Against All Defendants]**

25     44.    The allegations contained in paragraphs 1 through 43, inclusive, are re-alleged and

26  incorporated herein by this reference as though set forth in full herein.

27     45.    At all relevant times within the four years immediately preceding the Petition Date,

28  Playhut: (a) was insolvent, or became insolvent as a result of the Transfers; (b) was engaged in or

8

1  was about to engage in a business or a transaction for which its remaining assets were

2  unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed

3  or reasonably should have believed that it would incur, debts beyond its ability to pay as they

4  became due.

5       46.     At all relevant times, the Transfers were voidable under Cal. Civ. Code §§

6  3439.04(b) or 3439.05 and Cal Civ. Code § 3439.07 by one or more creditors who held and hold

7  unsecured claims against Playhut that were and are allowable against its estate under 11 U.S.C. §

8  502 or that were not and are not allowable only under 11 U.S.C. § 502(e).

9

10  **VI.   THIRD CLAIM FOR RELIEF**

11  **(Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§**

12  **548(a)(1)(B) and 550(a))**

13  **[Against All Defendants]**

14       47.     The allegations contained in paragraphs 1 through 46, inclusive, are re-alleged and

15  incorporated herein by this reference as though set forth in full herein.

16       48.     The Defendants did not take any of the Transfers for a reasonably equivalent value

17  and/or did not take such Transfers in good faith.

18       49.     At all relevant times within the four years immediately preceding the Petition Date,

19  Playhut: (a) was insolvent, or became insolvent as a result of the Transfers; (b) was engaged in or

20  was about to engage in a business or a transaction for which its remaining assets were

21  unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed

22  or reasonably should have believed that it would incur, debts beyond its ability to pay as they

23  became due.

24  **VII.   FOURTH CLAIM FOR RELIEF**

25  **(Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. § 550(a)(2))**

26  **[Against All Defendants]**

27       50.     The allegations contained in paragraphs 1 through 49, inclusive, are re-alleged and

28  incorporated herein by this reference as though set forth in full herein.

<div align="center">9</div>

110634069.v1

51.   To the extent that the Defendants, named and unnamed, are not the initial transferees of the Transfers, such Defendants are immediate or mediate transferees of the initial transferee of such payments.

52.   To the extent that the Defendants, named and unnamed, are the immediate or mediate transferees of the initial transferee of the Transfers, such Defendants did not take such transfers for value and/or in good faith and/or without knowledge of the avoidability of such Transfers.

53.   Each of the Transfers referred to in this claim for relief is recoverable from such Defendants, named and unnamed, as an immediate or mediate transferee of the transfers the Zheng caused Playhut to make to the initial transferees thereof.

## VIII.   <u>FIFTH CLAIM FOR RELIEF</u>

### (Avoidance and Recovery of Property of the Bankruptcy Estate)

### [Against All Defendants]

54.   The allegations contained in paragraphs 1 through 53, inclusive, are re-alleged and incorporated herein by this reference as though set forth in full herein.

55.   Defendants are in possession of the property received through the Transfers.

56.   As the subject of the Transfers is property of the bankruptcy estate pursuant to 11 U.S.C. § 541, pursuant to 11 U.S.C. §§ 542 and 550, the Debtor is entitled to turnover of its interest in the Property and/or the value of its interest in the Property.

57.   Once the Transfers are recovered, pursuant to 11 U.S.C. § 551, the Transfers are preserved for the benefit of the estate.

## IX.   <u>SIXTH CLAIM FOR RELIEF</u>

### (Breach of Fiduciary Duty)

### [Against Defendant Zheng]

58.   The allegations contained in paragraphs 1 through 57, inclusive, are re-alleged and incorporated herein by this reference as though set forth in full herein.

59.   Zheng was the president and an officer of the Debtor at all relevant times herein.

10

1  Under the California Corporations Code, officers and directors have fiduciary duties of loyalty and

2  care to the corporation that prohibit such actions as self-dealing and the usurpation of corporate

3  opportunities.

4       60.    As president, Zheng owed to the Debtor the fiduciary duties of care, loyalty, and

5  good faith.  The duty of care requires a director or officer to act with the care, skill, prudence, and

6  diligence under the circumstances then prevailing that a prudent person acting in a like capacity

7  and family with such matters would use.  The duty of loyalty requires a director or officer to act in

8  the best interests of the company, which shall take precedence over any interest possessed by the

9  director or officer.  The duty of good faith requires a director or officer to act with true faithfulness

10  and devotion in the best interests of the company.

11       61.    Zheng breached his duty of care to the Debtor by mismanaging the Debtor and

12  failing to diligently operate the Debtor's corporate business.  Zheng's mismanagement permitted

13  the Debtor's funds to be diverted to Defendants F5 Financial, Butler, and Feltman, at the expense

14  of the Debtor's legitimate business.

15       62.    Zheng breached his duty of loyalty and good faith to the Debtor by acting in the

16  best interests of Defendants rather than in the best interests of the Debtor.  Zheng engaged in

17  corporate looting of the Debtor by allowing the transfer of the Debtor's funds to Defendants to the

18  detriment of the Debtor and the Debtor's creditors, and at the expense of the Debtor's corporate

19  opportunities.

20       63.    As a proximate result of these breaches, the Debtor suffered actual damages in the

21  amount of $635,182.62.

22  ///

23

24  ///

25

26  ///

27

28  ///

11

110634069.v1

1

2
<div align="center">

**PRAYER**

</div>

3    **WHEREFORE**, the Debtor prays for judgment as follows:

4    **AS TO THE DEBTOR'S FIRST THROUGH FIFTH CLAIMS FOR RELIEF**

5    1.    For avoidance and recovery of the Transfers;

6    2.    That the avoided Transfers be preserved for the benefit of the Debtor's bankruptcy

7    estate;

8    3.    For turnover of the Transfers or the Transfers' equivalent value;

9    4.    For interest as permitted by law from the date of the Transfers;

10    **AS TO THE DEBTOR'S SIXTH CLAIM FOR RELIEF**

11    5.    For a judgment in the amount of $635,182.62.

12    6.    For interest as permitted by law from April 17, 2017.

13    **AS TO ALL CLAIMS FOR RELIEF**

14    7.    For costs of suit incurred herein, including, without limitation, attorney's fees;

15    8.    For interest at the legal rate on all damages and sums awarded to Plaintiff; and

16    9.    For such other and further relief as the Court may deem just and proper.

17

18    Dated: May 20, 2020                                    **Respectfully submitted by,**

19                                                           **GOE FORSYTHE & HODGES LLP**

20

21                                                           By: /s/Robert P. Goe_____
                                                                  Robert P. Goe

22                                                                Rafael R. Garcia-Salgado
                                                                  Counsel to PH DIP, Inc., Debtor and

23                                                                Debtor in Possession

24

25

26

27

28

<div align="center">12</div>

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe - State Bar No. 137019<br>Rafael R. Garcia-Salgado - State Bar No. 283230<br>GOE FORSYTHE & HODGES LLP<br>18101 Von Karman Avenue, Suite 1200<br>Irvine, CA 92612<br>RGoe@goeforlaw.com<br>RGarcia@goeforlaw.com<br><br><br>*Attorney for Plaintiff* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

</div>

| | |
|---|---|
| In re:<br><br>PH DIP, INC.,<br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-15972-WB<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: 2:20-ap- |
| PH DIP, INC.,<br><br><br><br><br>Plaintiff(s)<br>Versus<br>F5 FINANCIAL, INC., A TEXAS CORPORATION;<br>JAMES GILMORE BUTLER, III; JAMES G. BUTLER IN<br>HIS CAPACITY AS PRESIDENT AND DIRECTOR OF<br>F5 FINANCIAL INC; et al.,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS**<br>**CONFERENCE IN ADVERSARY**<br>**PROCEEDING**<br>**[LBR 7004-1]** |

**TO THE DEFENDANT:** A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

<table>
<tr><td>

**Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____
</td><td>

**Address:**<br>
☐ 255 East Temple Street, Los Angeles, CA 90012<br>
☐ 3420 Twelfth Street, Riverside, CA 92501<br>
☐ 411 West Fourth Street, Santa Ana, CA 92701<br>
☐ 1415 State Street, Santa Barbara, CA 93101<br>
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
</td></tr>
</table>

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


**KATHLEEN J. CAMPBELL
CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____


By: _____
        Deputy Clerk

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:



A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:



☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.



☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.



☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*            *Printed Name*              *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                     Page 3                     **F 7004-1.SUMMONS.ADV.PROC**

1  Robert P. Goe – SBN 137019
   Rafael R. Garcia-Salgado – SBN 283230
2  **GOE FORSYTHE & HODGES LLP**
   18101 Von Karman Ave., Ste. 1200
3  Irvine, CA 92612
   RGoe@goeforlaw.com
4  RGarcia@goeforlaw.com
   Telephone:  (949) 798-2460
5  Facsimile:   (949) 955-9437

6  Attorneys for PH DIP, Inc.

7

8                **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

10

11  In re:                                    Case No.  2:18-bk-15972-WB

12  PH DIP, INC.,                             Chapter 11 Case

13          Debtor and Debtor in Possession.  Adv. Case No.: 2:20-ap-01125-WB

14  PH DIP, INC.,                             **NOTICE OF COMPLIANCE WITH
                                              LOCAL BANKRUPTCY RULE 7026-1**
15          Plaintiff,
                                              Status Conference Hearing:
16  -vs-                                      Date:       July 21, 2020
                                              Time:       2:00 p.m.
17  F5 FINANCIAL, INC., A TEXAS               Courtroom:  1375
    CORPORATION; JAMES GILMORE
18  BUTLER, III; JAMES G. BUTLER IN HIS                   U. S. BANKRUPTCY COURT
    CAPACITY AS PRESIDENT AND                              255 East Temple Street
19  DIRECTOR OF F5 FINANCIAL INC.; DAVID                   Los Angeles, CA 90012
    FELTMAN; DAVID FELTMAN DBA LAW
20  OFFICE OF DAVID FELTMAN; BRIAN
    ZHENG; and DOES 1-25.
21
            Defendants.
22

23               **LBR 7026-1. DISCOVERY**

24  **(a)    General.**    Compliance with FRBP 7026 and this rule is required in all adversary

25  proceedings.

26          (1)    Notice. The plaintiff must serve with the summons and complaint a notice that

27  compliance with FRBP 7026 and this rule is required.

28          (2)    Proof of Service. The plaintiff must file a proof of service of this notice together

                                        1

with the proof of service of the summons and complaint.

**(b) Discovery Conference and Disclosures.**

    (1)   Conference of Parties. Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.

    (2)   Joint Status Report. Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2). The joint status report will serve as the written report of the meeting required by FRBP 7026.

**(c) Failure to Make Disclosures or Cooperate in Discovery.**

    (1)   General. Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

    (2)   Meeting of Counsel. Prior to the filing of any motion relating to discovery, counsel for the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of counsel for the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, counsel for the opposing party must meet with counsel for the moving party within 7 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

    (3)   Moving Papers. If counsel are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

        (A)   The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

        (B)   The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the

2

sufficiency of an answer to an interrogatory is in issue, the stipulation must contain,

verbatim, both the interrogatory and the allegedly insufficient answer, followed by

each party's contentions, separately stated.

(C)    In the absence of such stipulation or a declaration of counsel of

noncooperation by the opposing party, the court will not consider the discovery

motion.

(4)    Cooperation of Counsel; Sanctions. The failure of any counsel either to cooperate

in this procedure, to attend the meeting of counsel, or to provide the moving party the

information necessary to prepare the stipulation required by this rule within 7 days of the

meeting of counsel will result in the imposition of sanctions, including the sanctions

authorized by FRBP 7037 and LBR 9011-3.

(5)    Contempt. LBR 9020-1 governing contempt proceedings applies to a discovery

motion to compel a non-party to comply with a deposition subpoena for testimony and/or

documents under FRBP 7030 and 7034.


Dated: May 22, 2020                                    GOE FORSYTHE & HODGES LLP

                                                       By: /s/Robert P. Goe
                                                           Robert P. Goe
                                                           Rafael R. Garcia-Salgado
                                                           Counsel to PH DIP, Inc., Debtor and
                                                           Debtor in Possession

3

Mette H. Kurth (CA 187100/DE 6491)
**FOX ROTHSCHILD LLP**
919 North Market Street, Ste. 300
Wilmington, DE 19899-2323
Telephone: (302) 654-7444
Facsimile: (302) 656-8920
mkurth@foxrothschild.com

Rom Bar-Nissim (CA 293356)
**FOX ROTHSCHILD LLP**
10250 Constellation Place, Ste. 900
Los Angeles, CA 90067-1506
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
rbar-nissim@foxrothschild.com

*Counsel for the Official Committee*
*of Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:18-bk-15972-WB |
| **PH DIP, INC.,**[1] | Chapter 11 |
| Debtor. | |
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS**, | Adv. Proc. No. 2:19-ap-01450-WB |
| Plaintiff, | **NOTICE THAT ADVERSARY PROCEEDING IS SUBJECT TO THE ORDER GRANTING MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT ON BEHALF OF THE DEBTOR'S ESTATE [DOC #482]** |
| vs. | |
| **BARCLAYS BANK PLC d/b/a BARCLAY CARD U.S.,** a Delaware Corporation, | |
| Defendant. | |

---

[1] On December 3, 2018, the Court entered its *Order Granting Motion for Order Authorizing Change in Case Caption* [Docket No. 266].

Active\107057702.v1-1/23/20

**PLEASE TAKE NOTICE THAT** the above-captioned adversary proceeding is subject to the *Order Granting Motion for an Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought on Behalf of the Debtor's Estate* [Dkt #482] (the "Mediation Order").  A true and correct copy of the Mediation Order is attached hereto at Exhibit 1.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Paragraph 5 and 6 of the Mediation Order, a stay of proceedings is imposed pending mediation:

> 5. All Estate Actions not settled or otherwise resolved within 30 days after an answer or other responsive pleading to a complaint is filed shall automatically be referred to mandatory, non-binding mediation.

> 6. The Parties shall participate in mediation as set forth herein. ***All other non-mediation proceedings, including but not limited to fact discovery, expert discovery, dispositive motions, and status conferences, are stayed pending the conclusion of mediation*** . . . .

**PLEASE TAKE FURTHER NOTICE THAT** it is therefore requested that the Court defer or continue any status conferences in this adversary proceeding until a date that is at least 60 days from the date of this notice.

Date:  January 23, 2019                          **FOX ROTHSCHILD LLP**


                                                 By:   */s/ Mette H. Kurth*
                                                       Mette H. Kurth
                                                       Counsel for the Official Committee of Unsecured Creditors

# EXHIBIT 1

1    Mette H. Kurth (CA 187100/DE 6491)
2    **FOX ROTHSCHILD LLP**
    919 North Market Street, Ste. 300
3    Wilmington, DE 19899-2323
    Telephone: (302) 654-7444
4    Facsimile: (302) 656-8920
    mkurth@foxrothschild.com
5

6    Amanda D. Murray (SBN 305018)
    **FOX ROTHSCHILD LLP**
7    10250 Constellation Place, Ste. 900
    Los Angeles, CA 90067-1506
8    Telephone: (310) 228-6998
    Facsimile: (310) 556-9828
9    amurray@foxrothschild.com

10   *Counsel for the Official Committee*
11   *of Unsecured Creditors*

**FILED & ENTERED**

**DEC 19 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bryant    DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

In re:

**PH DIP, INC.,**[1]

           Debtor.

Case No. 2:18-bk-15972-WB

Chapter 11

**ORDER GRANTING MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT ON BEHALF OF THE DEBTOR'S ESTATE**

      Upon the *Motion for an Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought on Behalf of the Debtor's Estate*, (the "Procedures Motion")[2] dated October

---

[1]    On December 3, 2018, the Court entered its *Order Granting Motion for Order Authorizing Change in Case Caption* [D.I. 266].

25, 2019 [D.I. #454], filed by the Official Committee of Unsecured Creditors of PH DIP, Inc. (the "Committee"), by and through its undersigned counsel, for entry of a procedures order pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules"), establishing streamlined procedures governing all adversary actions brought in connection with the above-captioned case, including but not limited to: (a) all adversary actions brought under sections 542, 547, 548, 549 and 550 of the Bankruptcy Code; and (b) all adversary actions brought against any parties identified in Exhibit A annexed hereto, as it may be amended or supplemented (each an "Estate Action," and collectively, the "Estate Actions"); and this Court having jurisdiction to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2)(A), (B), (F), (H), (O); and no objections having been filed in connection with the Procedures Motion; and it appearing that the relief requested by the Procedures Motion is necessary, appropriate, and in the best interests of the Debtor, its estate, and its creditors; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice of the Procedures Motion need be provided; and sufficient cause appearing therefore, it is hereby:

**ORDERED**, that the Procedures Motion be, and hereby is, granted in all respects; and it is further

**ORDERED**, that the procedures governing all parties to the Estate Actions (the "Parties") are as follows:

**A.     Effectiveness of this Procedures Order**

1.     This Order approving the Procedures Motion shall apply to all Parties.

2.     This Order will not alter, affect or modify the rights of any defendant in the Estate Actions (the "Defendant(s)") to seek a jury trial or withdraw the reference, or otherwise move for a

---

2    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Procedures Motion.

2

determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

**B.     Extensions to Answer or File a Responsive Pleading to a Complaint**

3.     The time to file an answer or other responsive pleading to a complaint filed in an Estate Action shall be 30 days after the issuance of the summons; *provided, however,* that if the Parties jointly agree in writing to enter mediation prior to the due date for the answer or responsive pleading, the answer or response due date shall be deferred until 15 days following the completion of mediation and the filing of the Mediator's Report. Further extensions of the answer or response due date shall not be granted except upon a motion or stipulation of the Parties, approved by order of the Court.

4.     The Parties are prohibited from filing any dispositive motions, including but not limited to any motions under Federal Rule of Civil Procedure 12(b)(1) to (7) (made applicable by Bankruptcy Rule 7012) and under Federal Rule of Civil Procedure 56 (made applicable by Bankruptcy Rule 7056), and any deadlines then in effect shall be tolled, pending the conclusion of mediation and filing of the Mediator's Report.

**C.     Stay Pending Mediation**

5.     All Estate Actions not settled or otherwise resolved within 30 days after an answer or other responsive pleading to a complaint is filed shall automatically be referred to mandatory, non-binding mediation.

6.     The Parties shall participate in mediation as set forth herein. All other non-mediation proceedings, including but not limited to fact discovery, expert discovery, dispositive motions, and status conferences, are stayed pending the conclusion of mediation (the "Stay of Proceedings").

**D.     Waiver of Requirement to Conduct Scheduling Conference**

3

7.     Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), is hereby waived and is not applicable to the Estate Actions. Thus, the Parties to the Estate Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**E.     Mediation Procedures and Requirements**

8.     Because the Estate Actions are proceedings before this Court, the Central District of California is the proper forum for mediation. The *Third Amended General Order No. 95-01* implemented by the United States Bankruptcy Court for the Central District of California on July 1, 1995 (the "Mediation Order"), provides that adversary proceedings in this district are eligible for mediation unless otherwise ordered by the judge in the matter.

9.     The Parties shall in good faith seek to mutually select a mediator from the list of mediators attached as Exhibit B hereto (the "Mediator List") within 10 days of the earlier of: (a) the date on which the Parties have jointly agreed, in writing, to enter mediation; or (b) the date on which the Defendant files an answer or other responsive pleading. If the Parties are unable to agree on a mediator from the Mediator List within such timeframe, the Parties shall select another mediator included on the panel of mediators established pursuant to the Mediation Order, as set forth on the register of mediators maintained by the Bankruptcy Court, and mutually agreed to by the Parties.

10.     Plaintiff's counsel shall promptly file a notice of selection of the mediator (each a "Mediator," and collectively, the "Mediators") on the docket of the related Estate Action by filing with the Court a Notice of Referral, in substantially the form of the notice attached hereto as Exhibit C, and by serving the Notice of Referral upon all Defendants.  The Parties shall contact the selected Mediator as soon as practicable and the selection shall be preapproved in advance of the mediation.

11.     Immediately upon notification of such selection or assignment, a selected Mediator shall run conflicts, and in the event of a conflict, may abstain from acting in the particular mediation.

Active\105933406.v2-12/17/19

Each Mediator shall be required to file conflict disclosures pursuant to section 5.6 of the Mediation Order.

12.     Within seven days of the filing of Notice of Referral for the relevant Mediation, the Parties, working with the Mediator selected, will commence scheduling Mediations. Each Mediator will provide to the plaintiff the dates on which the Mediator is available for mediation and the Parties shall cooperate with the Mediator and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact the Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the Mediator.  Mediation will then be conducted at a date and time acceptable to the Parties and the Mediator.

13.     The Parties much conclude mediation with respect to the Post-Petition Transfer Actions identified on Exhibit A within 30 days of this Order, and no later than seven business days prior to the date of the hearing to consider confirmation of the [Joint] Chapter 11 Plan of Liquidation Filed by Debtor [and Official Committee of Unsecured Creditors] dated January 17, 2019 (the "Confirmation Hearing Date"). The Parties must conclude mediation with respect to all other Estate Actions within 120 days of this Order, unless further extended by written agreement of the Parties and the Mediator.

14.     The plaintiff will give at least 14 calendar days written notice of the first date, time and place of the mediation in each Estate Action (the "Mediation Notice"), which notice shall be filed on the docket of the applicable adversary proceeding.

15.     Within five business days after the conclusion of each mediation, the Mediator shall submit a report with respect to the relevant Estate Action in substantially the form of Form 709 Mediator's Confidential Report of Mediation Conference (the "Mediator's Report"), provided that the Mediator's Report for the Post-Petition Transfer Actions is filed on or before the Confirmation

5

Hearing Date. The Mediator's Report shall be limited to stating: (a) whether the Estate Action settled or did not settle; (b) the dates of the Mediation; and (c) the Parties attending the Mediation.

16.    Each mediation shall take place in Los Angeles County, California and shall be held at: (a) the law offices of Fox Rothschild LLP; (b) the Mediator's office; or (c) another location agreed upon by the Mediator and the Parties.

17.    Upon notice and a hearing, a Party's unexcused failure to appear at a Mediation or otherwise comply with the Procedures Order with respect to the Mediation may result in a default judgment against the Defendant(s) or dismissal of the Estate Action. The Mediator shall promptly file a notice with the Court when any Party fails to comply with the mediation provisions set forth in this Procedures Order.

18.    The Parties to each Mediation will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution.  At least one counsel for each Party and a representative for the Defendant having full settlement authority shall attend the mediation in person except that, upon the request of a Party, a Mediator, in his or her discretion, after conferring with the Defendant representative and its counsel, may allow a Party representative to appear telephonically while its counsel appears in person.[3]  Any such request must be made at least 10 business days prior the scheduled mediation date or such request is deemed waived. Should a Party representative appear by telephone, counsel appearing in person for that Party must have full settlement authority.  To the extent a Mediator grants a Party's request to appear telephonically, the requesting Party is responsible for arranging for and paying any fees associated with teleconference services.

---

[3]    Counsel for the Plaintiff may serve as the representative of the Debtor, the Trustee, or the Committee (each an "Estate Representative"), as applicable, with full settlement authority in order to alleviate the need for an Estate Representative to participate at the Mediation. The Estate Representative shall advise the Mediator and Defendant(s) within seven days before the scheduled Mediation whether he or she will be available telephonically or will be appearing in person.

6

19. The Mediator will preside over the mediation with full authority to determine the nature and order of the Parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

20. Mediation statements are due to the Mediator seven business days before the Mediation. Mediation statements shall include any relevant papers and exhibits, a statement of position (to be shared with the other Parties unless otherwise directed by the Mediator), and a confidential settlement proposal (not to be shared with the other Parties). In addition, any Party that has confidential information may share such information solely with the Mediator. The Mediator will direct the Parties as to further instructions regarding the mediation statements.

21. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the Parties.

22. If the Mediator feels that a Party to a mediation is not attempting to schedule or resolve the mediation in good faith, the Mediator may file a report with the Court. The Court may, without need for further motion by any Party, schedule a hearing. If the Court determines that the Party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either Party to a mediation is not attempting to schedule or resolve the mediation in good faith, the opposing Party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the Mediation. Sanctions may include, but are not limited to, attorney's fees and costs and fees of the Mediator.

23. The full fees and expenses of the Mediator shall be paid by any Party that cancels or fails to appear at Mediation unless the Party notifies the Mediator of the cancellation in writing no less than ten days prior to the scheduled mediation date (not counting the day scheduled for mediation), subject to further restriction set by any selected Mediator.

24. The fees and reasonable expenses of the Mediator shall be shared equally by the Parties to each Mediation on a per case basis. Each Party shall pay its portion of the Mediator's fee at least seven days before the commencement of mediation. The Parties shall each pay half (50%) of the Mediator's reasonable expenses, per case, within 14 days after billing by the Mediator.

25. The Mediator's fees shall be fixed as follows:

| Claim Amount[4] | Half Day | Full Day |
|---|---|---|
| < $100,000 | $3,500 | $5,000 |
| ≥ $100,000 and < $250,000 | $4,500 | $7,000 |
| ≥ $250,000 and < $1,000,000 | $5,500 | $8,000 |
| ≥ $1,000,000 | $6,500 | $9,000 |

26. When scheduling any mediation, the Parties are to advise the mediator in advance as to whether the mediation is to be scheduled for a full or half day. A full day of mediation is 7 hours and includes 2 hours of preparation time by the mediator. A half day of mediation is 3 ½ hours and includes 2 hours of preparation time. If a mediation scheduled for a half day goes beyond 4 hours, then the full day rate will be charged. If a mediation exceeds 7 hours, the mediator will charge the Parties an additional fee at a rate of $700 per hour.

27. If the Parties mutually request that the Mediator travel from Los Angeles County to some other location for the mediation, and the Mediator agrees to the location, the Mediator's fees shall increase by $800 per Party, per case, plus the Mediator's out of pocket expenses for travel and

---

[4] As reflected in the Complaint.

8

lodging (if necessary). The Mediators will not otherwise charge for travel time or travel related expenses.

28. Without the prior consent of both Parties, no Mediator shall mediate a case in which he/she or his/her firm represents a Party. If a Mediator's firm represents any Party in the Estate Actions, then: (a) the Mediator shall not personally participate in the representation of that Party; (b) the firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Estate Action by employees of the firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Mediation Order shall not create a conflict of interest with respect to the representation of such Parties by the Mediator's firm.

29. The Mediator shall not be called as a witness by any Party except as set forth in this paragraph. No Party shall attempt to compel the testimony of, or compel the production of documents from, any Mediator or his/her agents, partners or employees of his/her respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees: (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation; or (b) shall be liable to any Party for any act or omission in connection with any mediation conducted under the Mediation Order. Any documents provided to the Mediator by a Party shall be destroyed 30 days after the filing of the Mediator's Report unless the Mediator is otherwise ordered by the Court. However, subject to court order, a Mediator may be called as a witness by any Party and may be compelled to testify on a limited basis in proceedings where it is alleged that a Party failed to comply with the terms of this Order.

30. All proceedings and writings incident to the mediation shall be privileged and confidential and subject to all the protections of Federal Rule of Evidence 408 and shall not be reported or admitted into evidence for any reason whatsoever. Nothing stated or exchanged during

Active\105933406.v2-12/17/19

mediation shall operate as an admission of liability, wrongdoing, or responsibility.  Local Rule 9019-1 shall apply.

**F.      Post-Mediation Proceedings**

31.     If an Estate Action is resolved after mediation, the Stay of Proceedings shall be extended following the completion of mediation and the filing of the Mediator's Report. The Parties shall file any required motion to approve their settlement with the Court within 30 days after the completion of mediation and the filing of the Mediator's Report.

32.     If an Estate Action remains unresolved after mediation, the Stay of Proceedings is lifted and the Parties shall file a joint proposed scheduling order with the Court within 30 days after the later of: (a) the filing of the Mediator's Report; or (b) the filing of an answer or responsive pleading. The joint proposed scheduling order shall reflect all dates and deadlines within this Order. The joint proposed scheduling order shall also contain any remaining necessary dates and deadlines not set forth within this Order.

**G.      Discovery Schedule and Procedures for Unresolved Estate Actions**

33.     In accordance with Bankruptcy Rule 7026(a)(1), the disclosures required (the "Initial Disclosures") shall be made by the later of 30 days after the later of: (a) the filing of the Mediator's Report; or (b) the filing of an answer or responsive pleading.

34.     Except as set forth herein, all written interrogatories, document requests and requests for admission, if any, may be served upon the adverse Party any time after the service of Initial Disclosures or in conjunction with the service of the Initial Disclosures.

35.     The Parties shall have 60 days from the later of the filing of the Mediator's Report or the filing of an answer or responsive pleading to complete non-expert fact discovery, including depositions of fact witnesses.

10

36. The Parties shall have 90 days from the completion of non-expert fact discovery to complete expert discovery, including depositions of expert witnesses.

**H.    Other Pre-Trial Procedures for Unresolved Estate Actions**

37. Except as set forth in this Order, the standard provisions of Federal Rules of Civil Procedure, made applicable herein pursuant to the Federal Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Central District of California, shall apply to the Estate Actions with respect to pre-trial matters not addressed within this Order. This Order shall control with respect to the Estate Actions to the extent of any conflict with other applicable rules and orders.

**I.    Miscellaneous**

38. The deadlines and/or provisions contained in this Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the Parties pursuant to stipulation, which stipulation needs to be filed with the Court; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Date: December 19, 2019

Julia W. Brand
United States Bankruptcy Judge

11

# Exhibit A

### Estate Actions[5]

| Post-Petition Transfer Actions |
| --- |
| Bank of America, N.A. |
| Barclay Card PCL & Barclay Card U.S. |
| JP Morgan Chase Bank, N.A. |
| Yu "Brian" Zheng |
| **Preference Actions** |
| American Express & American Express National Bank |
| Disney Consumer Prod. Latin Am |
| Hangzhou Taiyuan Outdoor |
| BPP Shiraz Fullerton 89 LP |
| Matson Navigation |
| Market Union Co.,Ltd |
| Zhejiang Onetouch Business |
| Diverse Marketing, L.L.C. |
| Invensure Insurance Brokers |
| **Fraudulent Transfer & Other Actions** |
| 1 West Capital, LLC |
| Broadway Advanced Funding & Broadway Advance LLC |
| Capital One Financial Corporation |
| Citi Capital LLC |
| Complete Business Solutions Group, d/b/a PAR Funding |
| Computer Mortgage Corporation |
| EBF Partners LLC d/b/a Everest Business Funding |
| F5 Financial, Inc. |
| GTL, LLP |
| Harry C. Lin, MBA, CPA |
| HSBC Bank USA, N.A. |
| Loan Oak Fund, LLC |
| Tesla, Inc. |
| Family Dollar Stores, Inc. |
| Kids Warehouse |

---

[5]    References to the Defendants include the named Defendants as well as any affiliates.

Active\105933406.v2-12/17/19

# Exhibit B

**Mediator List**

| | Sharon Weiss Availability | Geoffrey Berman Availability |
|---|---|---|
| American Express & American Express National Bank | X | X |
| Bank of America, N.A. | *Conflict* | X |
| Barclay Card PCL & Barclay Card U.S. | *Conflict* | X |
| BPP Shiraz Fullerton 89 LP | *Conflict* | X |
| Broadway Advanced Funding & Broadway Advance LLC | X | X |
| Capital One Financial Corporation | *Conflict* | X |
| Citi Capital LLC | X | X |
| Complete Business Solutions Group, d/b/a PAR Funding | X | X |
| Computer Mortgage Corporation | X | X |
| Disney Consumer Prod. Latin Am | *Conflict* | X |
| Diverse Marketing, L.L.C. | X | X |
| EBF Partners LLC d/b/a Everest Business Funding | X | X |
| F5 Financial, Inc. | X | X |
| GTL, LLP | X | X |
| Hangzhou Taiyuan Outdoor | X | X |
| Harry C. Lin, MBA, CPA | X | X |
| HSBC Bank USA, N.A. | *Conflict* | X |
| Invensure Insurance Brokers | X | X |
| Loan Oak Fund, LLC | X | X |
| Market Union Co.,Ltd | X | X |
| Matson Navigation | X | X |
| Tesla, Inc. | X | X |
| Yellowstone Capital West, LLC | X | X |
| Yu "Brian" Zheng | X | X |
| Zhejiang Onetouch Business | X | X |

# **Exhibit C**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Mette H. Kurth (CA 187100/DE 6491)<br>**FOX ROTHSCHILD LLP**<br>919 North Market Street, Ste. 300<br>Wilmington, DE 19899-2323<br>Telephone: (302) 654-7444<br>Facsimile: (302) 656-8920<br>mkurth@foxrothschild.com<br><br>*Counsel for the Official Committee of Unsecured Creditors* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** *Name of* **DIVISION**

</div>

| In re:<br><br>PH DIP, Inc.<br><br><div align="right">Debtor(s).</div> | CASE NO.:  2:18-bk-15972-WB<br><br>CHAPTER:  11<br><br>ADVERSARY NO.: |
|---|---|
| <br><br><br><br><div align="right">Plaintiff(s),</div><br>vs.<br><br><br><br><div align="right">Defendant.</div> | <div align="center">**NOTICE OF REFERRAL TO MEDIATION AND APPOINTING MEDIATOR**<br><br>☐ **EXHIBIT ATTACHED**<br><br>**(PARTIES' SIGNATURE PAGE)**<br><br>[NO HEARING REQUIRED]</div> |

This _____
        (Adversary proceeding/name of dispute in main case)
is assigned to the Bankruptcy Mediation Program of this district, and the following are appointed as Mediator and Alternate Mediator:

Mediator:

_____

Name

_____

Firm name

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_____

Address

_____

City, state, zip code

_____

Telephone

_____

Facsimile

_____

Email address

The attorneys for the parties are:

Attorney for The Official Committee of Unsecured:

Creditors

Mette H. Kurth, Equire
Name

Fox Rothschild LLP
Firm name
919 N. Market Street
Suite 300
Address

Wilmington, DE 19801
City, state, zip code

(302) 622-4209
Telephone

(302) 656-8920
Facsimile

mkurth@foxrothschild.com
Email address

Attorney for _____:

_____
Name

_____
Firm name

_____
Address

_____
City, state, zip code

_____
Telephone

_____
Facsimile

_____
Email address

**[Attach additional page(s) if necessary.]**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2017*
106117373.v2                                         Page 2                                         **F 702**

Description of the Matter:

    1.  ☐  Objection to claim/claim resolution

    2.  ☐  Plan

            ☐  Objection to plan confirmation

            ☐  Plan formulation/negotiation

    3.  ☐  Valuation

    4.  ☐  Preference

    5.  ☐  Fraudulent transfer

    6.  ☐  Lien avoidance

    7.  ☐  Dischargeability

            Specify grounds:_____

    8.  ☐  Other. Please specify:_____

Amount of money at issue in Matter:

    1.  ☐  $0 to $1,000

    2.  ☐  $1,001 to $10,000

    3.  ☐  $10,001 to $50,000

    4.  ☐  $50,001 to $100,000

    5.  ☐  $100,001 to $500,000

    6.  ☐  $500,001 to $1,000,000

    7.  ☐  $1,000,001 to $5,000,000

    8.  ☐  $5,000,001 to $10,000,000

    9.  ☐  If more than $10,000,000,

            state amount: $ _____

    10.  ☐  Money not at issue.

The parties are to comply with the provisions of Third Amended General Order No. 95-01, as supplemented and modified by the Order Granting Motion for An Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought on Behalf of the Debtor's Estate.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2017*                    Page 3                    **F 702**
106117373.v2

**[EXHIBIT – PARTIES' SIGNATURE PAGE]**

**SUBMITTED JOINTLY BY:**

Date:_____

<u>Official Committee of Unsecured Creditors</u>
Printed name of party

_____
Signature of party

Date:_____

Mette H. Kurth, Esquire
Printed name of party's attorney

_____
(Signature of party's counsel)

Date:_____

_____
(Name of party)

_____
(Signature of party)

Date:_____

_____
(Name of party's counsel)

_____
(Signature of party's counsel)

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled **ORDER ASSIGNING MATTER TO MEDIATION PROGRAM AND APPOINTING MEDIATOR AND ALTERNATE MEDIATOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL (indicate method for each person or entity served):**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Mediator:
Alternate Mediator:
Honorable Barry Russell, Mediation Program Administrator - 255 E. Temple, Room 1660, Los Angeles, CA 90012

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____
*Date*                    *Printed Name*                                *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Fox Rothschild LLP 919 North Market Street, Suite 300, Wilmington, DE 19899-2323

A true and correct copy of the foregoing document entitled (*specify*): Notice that Adversary Proceeding is Subject
to the Order Granting Motion for an Order Establishing Streamlined Procedures Governing Adversary Proceedings
Brought on Behalf of the Debtor's Estate [D.I. 482]

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
January 23, 2020    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:
- Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Jeffrey L Sklar    JSklar@lrrc.com, BankruptcyNotices@lrrc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) January 23, 2020  , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 23, 2020   , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
VIA OVERNIGHT MAIL

Hon. Julia Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street
Los Angeles, CA 90012

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/23/2020 | Amanda M. Hrycak | /s/ Amanda M. Hrycak |
|-----------|------------------|----------------------|
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                    **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

> 18101 Von Karman, Suite 1200
> Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

Complaint; Notice of Compliance with LBR 7026-1; Notice That Adversary Proceeding Is Subject To The Order Granting Motion For An Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought on Behalf Of The Debtor's Estate [Doc #482]

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)    05/22/2020    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
> United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*)    05/22/2020    , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)    05/22/2020    , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

> The Honorable Julia W. Brand, USBC, 255 East Temple Street, Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/22/2020 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*

**F 7004–1.SUMMONS.ADV.PROC**

# DEFENDANTS

**Defendant – Address per Secretary of State for Texas**
F5 Financial, Inc.
c/o Registered Agent
J. Nathan Overstreet
8711 Highway 6 North, Suite 230
Houston, TX 77095

**Defendant**
James G. Butler in his capacity as President and Director of F5 Financial, Inc.
c/o J. Nathan Overstreet
8711 Highway 6 North, Suite 230
Houston, TX 77095

**Defendant**
David Feltman dba Law Offices of David Feltman
10275 W Higgins Rd
Rosemount, IL 60018-5625

**Defendant**
James Gilmore Butler
c/o J. Nathan Overstreet
8711 Highway 6 North, Suite 230
Houston, TX 77095

**Defendant**
David Feltman
c/o Law Offices of David Feltman
10275 W Higgins Rd
Rosemount, IL 60018-5625

**Defendant**
Brian Zheng
19901 Tennessee Trail
Walnut, CA 91789-4914

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/10/2020 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Bradley E Brook    bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com
Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/10/2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Brian Zheng
19901 Tennessee Trail
Walnut, CA 91789-4914

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/10/2020 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Julia W. Brand, USBC, 255 E. Temple Street, Los Angeles, CA 90012
(SUSPENDED DUE TO COVID-19 PROTOCOLS)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/10/2020 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.