| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe – State Bar No. 137019<br>Ronghua Sophia Wang– State Bar No. 324494<br>GOE FORSYTHE & HODGES LLP<br>18101 Von Karman Avenue, Suite 1200<br>Irvine, CA 92612<br>RGoe@goeforlaw.com<br>SWang@goeforlaw.com<br>Telephone:  (949) 798-2460<br>Facsimile:    (949) 955-9437<br><br>☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| In re:<br>PH DIP, INC.,<br><br><br><br>Debtor(s). | CASE NUMBER: 2:18-bk-15972-WB<br><br>ADVERSARY NUMBER: 2:20-ap-01125-WB<br><br>CHAPTER: 11 |
|---|---|
| PH DIP, INC.,<br><br><br><br>Plaintiff(s),<br><br>vs.<br><br>F5 FINANCIAL, INC., a Texas Corporation; JAMES G. BUTLER, III; JAMES G. BUTLER IN HIS CAPACITY AS PRESIDENT AND DIRECTOR OF F5 FINANCIAL, INC; et al.,<br><br>Defendant(s). | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1**<br><br>DATE: 03/02/2021<br>TIME:  2:00 pm<br>COURTROOM: 1375<br>ADDRESS:  U.S. Bankruptcy Court<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:**

1. Name of Defendant(s) against whom default judgment is sought (*specify name*): Brian Zheng
_____

2. Plaintiff filed the complaint in the above-captioned proceeding on (*specify date*): 05/20/2020

3. The Summons and Complaint were served on Defendant by        ☐ personal service        ☒ mail service
on the following date (*specify date*): 05/22/2020

4. A true and correct copy of the completed return of summons form is attached.

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5.  The time for filing an answer or other response expired on (*specify date*): 06/22/2020

6.  No answer or other response has been filed or served by Defendant.

7.  The default of Defendant:

    a.  ☐  Has not yet been entered, but is requested

    b.  ☒  Was entered on (*specify date*): 09/08/2020

8.  **A Status Conference:**

    a.  ☒  Is scheduled for (*specify date, time, and place*): February 2, 2021 at 2:00 p.m.
    _____

    b.  ☐  Was held on (*specify date, time, and place*): _____
    _____

9.  As proof that Plaintiff is entitled to the relief requested in the complaint, Plaintiff:

    a.  ☒  Relies on the complaint and attached documents.

    b.  ☒  Attaches the following documents to establish a *prima facie* case:

        (1)  ☒  Declaration of (*specify*): James Wong

        (2)  ☐  Declaration of (*specify*): _____

        (3)  ☒  Other (*specify*): Plaintiff's Brief in Support of Motion for Entry of Default Judgment

10. As further support for entry of a default judgment, Plaintiff submits a memorandum of points and authorities (optional).

11. **DECLARATION OF NON-MILITARY STATUS (**Servicemembers Civil Relief Act, 50 U.S.C. chapter 50 (§§ 3901-4043)). The undersigned party or counsel declares under penalty of perjury, with respect to each Defendant against whom a default judgment is sought by this motion:

    a.  ☒  Defendant is not currently in military service. The facts that support this statement are as follows (*see the court's website for information about how to verify non-military status*):

    b.  ☐  Defendant is currently in military service. The facts that support this statement are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the requirements in 50 U.S.C. § 3931(b)(2) to appoint an attorney for the Defendant before entering a judgment*):

    c.  ☐  I am unable to determine whether or not Defendant is in military service. The facts that support this statement are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the bond requirement in 50 U.S.C. § 3931(b)(3)*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

12.  Defaulting party is not an infant or incompetent party.


Plaintiff requests that this court enter a default judgment in favor of Plaintiff.   A copy of the lodged proposed default judgment is attached.


Date: _01/14/2021_____

Respectfully submitted,

GOE FORSYTHE & HODGES LLP
_____
Printed name of law firm


/s/Robert P. Goe
_____
Signature

Robert P. Goe
_____
Name of Attorney for Plaintiff or Plaintiff

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Robert P. Goe – State Bar No. 137019
Ronghua Sophia Wang– State Bar No. 324494
**GOE FORSYTHE & HODGES LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
RGoe@goeforlaw.com
SWang@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Counsel for James Wong, the Liquidating Trustee of PH DIP, INC.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PH DIP, INC.,<br><br>            Reorganized Debtor. | Case No.  2:18-bk-15972-WB<br><br>Chapter 11 Case<br><br>Adv. Case No.: 2:20-ap-01125-WB |
| PH DIP, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>F5 FINANCIAL, INC., A TEXAS CORPORATION; JAMES G. BUTLER, III; JAMES G. BUTLER IN HIS CAPACITY AS PRESIDENT AND DIRECTOR OF F5 FINANCIAL INC.; DAVID FELTMAN; DAVID FELTMAN DBA LAW OFFICE OF DAVID FELTMAN, AND BRIAN ZHENG.<br><br>            Defendants. | **DECLARATION OF JAMES WONG IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT BRIAN ZHENG** |

I, James Wong, declare as follows:

1.        I am the Liquidating Trustee of the Reorganized Debtor PH DIP, Inc. ("Plaintiff" and/or "Debtor").  I make this declaration in support of Plaintiff's *Motion for Default Judgment Against Brian Zheng* (the "Motion"). The matters stated herein are within my own personal knowledge and if called to testify, I could and would competently testify thereto.

1

2.      On May 24, 2018 (the "Petition Date"), PH DIP, Inc., formerly Playhut, Inc., (the "Debtor") filed a voluntary petition under chapter 11 of Title 11 of the United States Code.

3.      The Debtor was continually insolvent from at least the beginning of 2015 until the Petition Date. Insolvency from a balance sheet test perspective is when an entity's total liabilities exceed its total assets.

4.      In the quarter ending March 31, 2018, the Debtor had $11,516,772 in total assets, and $15,607,442 in total current liabilities.

5.      In the quarter ending June 30, 2017, the Debtor had $10,715,851 in total assets, and $11,555,108 in total current liabilities.

6.      In the quarter ending June 30, 2016, the Debtor had $9,464,034 in total assets, and $10,329,675 in total current liabilities.

7.      In the quarter ending June 30, 2015, the Debtor had $9,814,987 in total assets, and $10,794,978 in total current liabilities.

8.      Plaintiff filed its Complaint herein [Docket No. 1] (the "Complaint") on May 20, 2020, alleging six claims for relief against Defendant Brian Zheng ("Zheng"). These claims (numbered here as they are numbered in the Complaint) are as follows: (1) Avoidance and Recovery of Intentional Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3430.07, and 3439.08; (2) Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. 544(b), 548, 550(a), 551; Cal. Civ. Code §§ 3439.04, 3430.05, 3439.07, 3439.08, and 3439.09; (3) Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a); (4) Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. § 550(a)(2); (5) Avoidance and Recovery of Property of the Bankruptcy Estate. and (6) Breach of Fiduciary Duty.

9.      Zheng, as the sole shareholder, President, and Chief Executive Officer of the Debtor, exercised complete control over the Debtor. Zheng, individually, and along with his relatives, also utilized the Debtor's funds to acquired and operated multiple other entities, including Patent Category Corporation, Azillion LLC, I Chef Inc., and Nearby Kitchen LLC (the "Zheng Controlled Entities").

10.     The Debtor maintained its main corporate bank account at Preferred Bank (the "Preferred Bank Account"), located in California.

11.     During the four years leading up to the Petition Date, although the Preferred Bank Account was the Debtor's business bank account and contained only the money of the Debtor, Zheng caused the Debtor to pay millions of dollars to third parties for his personal benefit and/or on behalf of his personal obligations.

12.     F5 Financial was one of the parties who received funds made from the Debtor for purposes unrelated to the Debtor or its business. F5 Financial was not a creditor of the Debtor; instead, it bore no relationship to the Debtor or its business. Zheng caused the Debtor to make to F5 Financial the following payments (the "Pre-Petition Transfers") for the sole benefit of Zheng, the Zheng Controlled Entities and/or F5 Financial and Mr. Butler:

| Bank Account | Date of Transfer | | Amount |
|---|---|---|---|
| Preferred Bank-<br>General Checking Account No. #6699 | 4/13/2017 | Wire Transfer | $322,919.99 |
| Preferred Bank-<br>General Checking Account No. #6699 | 4/17/2017 | Wire Transfer | $305,262.63 |
| Preferred Bank-<br>General Checking Account No. #6699 | 8/15/2016 | Wire Transfer | $3,500.00 |
| Preferred Bank-<br>General Checking Account No. #6699 | 8/24/2016 | Wire Transfer | $3,500.00 |
| | **TOTAL** | | **$635,182.62** |

13.     On or about the same date as the Debtor's transfers of $322,919.99 to F5 Financial, Mr. Butler transferred $86,469.79 from F5 Financial to some third parties. Similarly, on the same date as the Debtor's transfer of $305,262.63 to F5 Financial, Mr. Butler transferred $44,670.00 from F5 Financial to some third parties.

14.     David Feltman was one of the parties who received the transferred funds. Plaintiff has settled with Defendants David Feltman and David Feltman dba Law Office of David Feltman. A Motion to Approve Compromise Under Rule 9019 for the settlement was filed on December 7, 2020 and is pending before the Court.

15.     The Debtor made a total of $635,182.62.00 in payments to F5 Financial.  All these funds were the Debtor's property.

3

1      16.    All of the Debtor's payments to F5 Financial were made while the Debtor was

2  insolvent.

3      17.    Zheng defaulted on the Complaint, and the Court entered default against Zheng on

4  December 10, 2020 [Docket No. 29].

5      I declare under penalty of perjury under the laws of the United States that the foregoing is

6  true and correct.  Executed this _____13th_____ day of January 2021, at Irvine, California.

7

8      By:  _____

9      James Wong

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Robert P. Goe – State Bar No. 137019
**GOE FORSYTHE & HODGES LLP**
2 | 18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
3 | RGoe@goeforlaw.com
Telephone:  (949) 798-2460
4 | Facsimile:   (949) 955-9437

5 | Counsel for James Wong, the Liquidating Trustee of PH DIP, INC.

6 |

7 | **UNITED STATES BANKRUPTCY COURT**

8 | **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

9 | In re:

10 | PH DIP, INC.,

11 |         Reorganized Debtor.

12 | ─────────────────────────
PH DIP, INC.,

13 |         Plaintiff,

14 | v.

15 | F5 FINANCIAL, INC., A TEXAS
CORPORATION; JAMES G. BUTLER, III;
16 | JAMES G. BUTLER IN HIS CAPACITY AS
PRESIDENT AND DIRECTOR OF F5
17 | FINANCIAL INC.; DAVID FELTMAN;
DAVID FELTMAN DBA LAW OFFICE OF
18 | DAVID FELTMAN, AND BRIAN ZHENG.

19 |         Defendants.

20 |

Case No.  2:18-bk-15972-WB

Chapter 11 Case

Adv. Case No.: 2:20-ap-01125-WB

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DEFENDANT
BRIAN ZHENG**

Hearing:
Date:        March 2, 2021
Time:        2:00 p.m.
Courtroom: 1375
                United States Bankruptcy Court
                255 East Temple Street
                Los Angeles, CA 90012

21 |

22 |         Plaintiff PH DIP, Inc., the Reorganized Debtor and Plaintiff herein (the "Plaintiff" and/or

23 | "Debtor"), hereby submits its *Brief in Support of Motion for Entry of Default Judgment Against*

24 | *Defendant Brian Zheng* (the "Motion"). Plaintiff also submits the concurrently filed *Declaration*

25 | *of James Wong* ("Wong Decl.") in support of the Motion.

26 | **I.        INTRODUCTION**

27 |         By the Motion, Plaintiff seeks the entry of default judgment against Defendant Brian

28 | Zheng ("Zheng" or the "Defendant").  This is an action by Plaintiff to recover, for the benefit of

1

the Debtor's bankruptcy estate, the Debtor's transfer of funds in the amount of $635,182.62 to F5 Financial, Inc. ("F5 Financial") and/or James G. Butler ("Mr. Butler") (together, the "F5 Financial Parties").  Zheng, as the sole shareholder, President, and Chief Executive Officer of the Debtor, caused the Debtor to make the payments to various third parties, including the F5 Financial Parties. All these payments were for the sole benefit of the F5 Financial Parties, Zheng, and/or his controlled affiliates and were for purposes unrelated to the Debtor or its business.  Through transferring the Debtor's funds to the F5 Financial Parties without any legitimate business purpose, Zheng diverted, dissipated, and unduly risked the Debtor's assets and caused damages to the Debtor.

## II.    FACTUAL SUMMARY

Plaintiff filed its Complaint herein [Docket No. 1] (the "Complaint") on May 20, 2020, alleging six claims for relief against the Defendant.  These claims (numbered here as they are numbered in the Complaint) are as follows: (1) Avoidance and Recovery of Intentional Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3430.07, and 3439.08; (2) Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. 544(b), 548, 550(a), 551; Cal. Civ. Code §§ 3439.04, 3430.05, 3439.07, 3439.08, and 3439.09; (3) Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a); (4) Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. § 550(a)(2); (5) Avoidance and Recovery of Property of the Bankruptcy Estate; and (6) Breach of Fiduciary Duty.

The Debtor filed for voluntary relief under Chapter 7 of the Bankruptcy Code on May 24, 2018 (the "Petition Date"). Zheng, as the sole shareholder, President, and Chief Executive Officer of the Debtor, exercised complete control over the Debtor. The Debtor maintained its main corporate bank account at Preferred Bank (the "Preferred Bank Account"), located in California. Wong Decl., ¶ 10; Complaint, ¶ 24.

During the four years leading up to the Petition Date, although the Preferred Bank Account was the Debtor's business bank account and contained only the money of the Debtor, Zheng caused the Debtor to pay millions of dollars to third parties for his personal benefit and/or on behalf of his

personal obligations. Wong Decl., ¶ 11; Complaint, ¶ 18. Zheng, individually, and along with his relatives, also utilized the Debtor's funds to acquire and operate multiple other entities, including Patent Category Corporation, Azillion LLC, I Chef Inc., and Nearby Kitchen LLC (the "Zheng Controlled Entities"). Wong Decl., ¶ 9; Complaint, ¶ 20.

F5 Financial was one of the third parties who received funds made from the Debtor for purposes unrelated to the Debtor or its business. Wong Decl., ¶¶ 12-13; Complaint, ¶ 26. F5 Financial was not a creditor of the Debtor; instead, it bore no relationship to the Debtor or its business. Wong Decl., ¶¶ 12-13; Complaint, ¶ 27. Zheng caused the Debtor to make to F5 Financial the following payments (the "Pre-Petition Transfers") for the sole benefit of Zheng and the Zheng Controlled Entities:

| Bank Account | Date of Transfer | | Amount |
|---|---|---|---|
| Preferred Bank-<br>General Checking Account No. #6699 | 4/13/2017 | Wire Transfer | $322,919.99 |
| Preferred Bank-<br>General Checking Account No. #6699 | 4/17/2017 | Wire Transfer | $305,262.63 |
| Preferred Bank-<br>General Checking Account No. #6699 | 8/15/2016 | Wire Transfer | $3,500.00 |
| Preferred Bank-<br>General Checking Account No. #6699 | 8/24/2016 | Wire Transfer | $3,500.00 |
| | **TOTAL** | | **$635,182.62** |

Wong Decl., ¶ 12; Complaint, ¶ 26.

On or about the same date as the Debtor's transfers of $322,919.99 to F5 Financial, Mr. Butler transferred $86,469.79 from F5 Financial to some third parties. Similarly, on the same date as the Debtor's transfer of $305,262.63 to F5 Financial, Mr. Butler transferred $44,670.00 from F5 Financial to some third parties. David Feltman[1] was one of the parties who received the transferred funds. Wong Decl., ¶¶ 13-14.

---

[1] Plaintiff has settled with Defendants David Feltman and David Feltman dba Law Office of David Feltman. A Motion to Approve Compromise Under Rule 9019 for the settlement was filed on December 7, 2020 and was granted on January 7, 2021 [Docket No. 632].

Zheng defaulted on the Complaint, and the Court entered default against Zheng on December 10, 2020, see Docket # 29. Accordingly, the Plaintiff now requests that the Court enter default judgment against Zheng on all the Complaint's Claims for Relief aforementioned, and award costs of suit on all claims for relief.

## III.    DEFAULT JUDGMENT IS APPROPRIATE

### A.    <u>The Court May Enter Judgment by Default</u>

Rule 55 of the Federal Rule of Civil Procedure ("FRCP"), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7055, provides that the Court may enter judgment by default upon application of the party entitled to the default.  It provides in pertinent part:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to

(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

To obtain a default judgment, a two-step process is required: (1) an entry of default (typically by the clerk of court); and (2) a judgment by default. *Cashco Fin. Servs. v. McGee (In re McGee)*, 359 B.R. 764, 770 (9th Cir. BAP 2006) (citing Fed. R. Civ. P. 55(a) and (b) and Fed. R.

1    Bankr. P. 7055).  Here, the Plaintiff has satisfied the first step as the Court have entered default

2    against Zheng.

3        With regard to the second step, on a motion for default judgment, the "[w]ell-pleaded

4    allegations are taken as admitted on a default judgment." *Benny v. Piper*, 799 F.2d 489, 495 (9th

5    Cir. 1986); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

6    Evidence supporting such factual allegations is not required.  *See Fong v. U.S.*, 300 F.2d 400, 409

7    (because of the "default order, no further supporting evidence was required.").  Moreover, in

8    granting default judgments, courts are not required to make detailed findings of fact.  *See Fair*

9    *Housing of Marin v. Combs (In re Combs)*, 285 F.3d 899, 906 (9th Cir. 2002).

10       "The general rule of law is that upon default the factual allegations of the complaint,

11   except those relating to the amount of damages, will be taken as true." *Sharma v. Salcido (In re*

12   *Sharma*, 2013 Bankr. LEXIS 2286, at *20-21 (B.A.P. 9th Cir. May 14, 2013) (*quoting Televideo*

13   *Sys.*, 826 F.2d 915, 917-18 (9th Cir. 1987)) (internal quotation marks and citations omitted).

14   Thus, "a prove-up hearing is only required where the damages are unliquidated or not capable of

15   mathematical calculation.  FRCP 55(b) does not require a hearing to investigate facts not related to

16   damages, since the default itself establishes those facts as alleged in the complaint." *In re Sharma*,

17   2013 Bankr. LEXIS 2286 at *22 (*citing Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981);

18   *Televideo Sys.*, 826 F.2d at 917-18).

19       In this case, the allegations in the Complaint set out the facts for the Debtor's payments to

20   F5 Financial and Mr. Bulter's subsequent transfer of the funds to other parties for purposes

21   unrelated to the Debtor or its business.  The Plaintiff's allegations are well pled, straightforward,

22   and set forth Zheng's liability for each of the six causes of actions stated in the Complaint.  The

23   Plaintiff submits that the monetary relief requested—avoidance of fraudulent transfers and breach

24   of fiduciary duty—has been established such that entry of default judgment by the Court would be

25   appropriate.  Nevertheless, the Plaintiff, by this Brief, supplements the Complaint, providing

26   further support for liability. Therefore, the Court should enter judgment in favor of the Plaintiff

27   based on the facts established in the Complaint.

28

**B.**    **The Plaintiff Can Avoid the Transfers as Intentionally Fraudulent Under**

   **California State Law Pursuant to 11 U.S.C. 544**

Section 3439.04(a)(1) of the California Civil Code states:

> A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation […] (1) with actual intent to hinder, delay, or defraud any creditor of the debtor.

A creditor can void as "actual fraud" any transfer made or obligation incurred by a debtor if the debtor acted with "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." Cal. Civ. Code § 3439.04(a)(1). Eleven (11) factors or "badges of fraud," are used to determine actual fraud, prompting courts to consider whether the transfer should be voided:

> (1) The transfer or obligation was to an insider, (2) The debtor retained possession or control of the property transferred after the transfer, (3) The transfer or obligation was disclosed or concealed, (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit, (5) The transfer was of substantially all the debtor's assets, (6) The debtor absconded, (7) The debtor removed or concealed assets, (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred, (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred, (10) The transfer occurred shortly before or shortly after a substantial debt was incurred, and (11) The debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

Cal. Civ. Code § 3439.04(b).

Here, numerous badges of fraud are present with respect to the Pre-Petition Transfers. First, the Pre-Petition Transfers were for the benefit of the F5 Financial Parties, Zheng and/or the Zheng Controlled Entities and were not related to any legitimate business purposes of the Debtor. The Pre-Petition Transfers depleted the Debtor's business account to levels insufficient to pay the Debtor's debts as they came due. Second, Zheng knew or consciously or recklessly chose to ignore the fact that the Pre-Petition Transfers were not related to any legitimate business purposes of the Debtor, but the payments were made from the Debtor's business account. Third, the Pre-Petition Transfers were made in 2016 and 2017. The Debtor was continuously insolvent from at least the beginning of 2015, and Zheng clearly knew that the Debtor was insolvent when the

Prepetition Transfers were made. Wong Decl., ¶ 3.  Finally, the Debtor did not receive any value in exchange for the Pre-Petition Transfers. Therefore, the Pre-Petition Transfers were made with the actual intent to hinder, delay, or defraud the Debtor's creditors and are avoidable under Cal. Civ. Code § 3439.04(a)(1).

**C.**    **The Plaintiff Can Avoid the Transfers as Constructively Fraudulent Under California State Law Pursuant to 11 U.S.C. 544**

Section 3439.04(a)(2) of the California Civil Code states:

> A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:
> (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
> (B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

An avoidable constructive fraudulent transfer is made for less than reasonably equivalent value in exchange when the debtor's remaining assets were unreasonably small in relation to its business or transaction.  Cal. Civ. Code § 3439.04(a)(2).  Further, pursuant to California Civil Code § 3439.05(a), a transfer is avoidable when made for less than reasonably equivalent value while the debtor is insolvent, or when the debtor becomes insolvent by reason of the transfer.  Cal. Civ. Code § 3439.05(a).  The statutory "look back" period under state fraudulent transfer law for transfers for less than reasonably equivalent value is four years.  California Civil Code § 3439.09.

Here, the Pre-Petition Transfers were made in 2016 and 2017, which is within the four-year statutory period under state constructively fraudulent transfer law. The Debtor was continuously insolvent from at least the beginning of 2015 until the Petition Date.  Wong Decl., ¶ 3.  The Debtor's balance sheets also had fewer assets than liabilities every year from 2015 until the Petition Date.  Wong Decl., ¶¶ 4-7.  Accordingly, the Debtor was insolvent when the Pre-Petition Transfers were made.

Further, as discussed above, the Pre-Petition Transfers were made for the benefit of the F5 Financial Parties, Zheng and/or the Zheng Controlled Entities. The Debtor did not receive any value in exchange for the Pre-Petition Transfers. Therefore, the Pre-Petition Transfers were avoidable constructive fraudulent transfers.

**D.** **The Plaintiff Can Avoid the Transfers as Constructively Fraudulent Under Bankruptcy Code**

Section 548(a)(1)(B) of the Bankruptcy Code provides that a transaction can be avoided if the debtor has "received less than a reasonably equivalent value in exchange for such transfer or obligation … ." 11 U.S.C. § 548(a)(1)(B). Here, the Pre-Petition Transfers were avoidable constructive fraudulent transfers pursuant to § 548(a)(1)(B) for the following reasons:

First, the Pre-Petition Transfers were transfers of an interest in property under the Bankruptcy Code.  The Bankruptcy Code defines "transfers" to include the creation of a lien and "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or parting with—(i) property; or (ii) an interest in property." 11 U.S.C. §§ 101(54)(A) and (D).  Here, Zheng caused the Debtor to make a total of $635,182.62.00 in payments to F5 Financial for the benefit of the F5 Financial Parties, Zheng and/or the Zheng Controlled Entities and for purposes unrelated to the Debtor and its business.  Wong Decl., ¶ 15, Complaint, ¶ 26.  All these funds were the Debtor's property.

Second, the Debtor did not receive any value in exchange for the Pre-Petition Transfers.  Instead, Zheng and/or the Zheng Controlled Entities were the parties who received the value because of the Pre-Petition Transfers. Wong Decl., ¶ 11.  The payments that Zheng caused the Debtor to make to F5 Financial were unrelated to the Debtor or its business and for the sole benefit of the F5 Financial Parties, Zheng and/or the Zheng Controlled Entities.

Finally, the Debtor made the Pre-Petition Transfers to F5 Financial while the Debtor was insolvent.  The Debtor's balance sheets had fewer assets than liabilities every year from 2015 until the Petition Date.  Wong Decl., ¶¶ 4-7.  The Pre-Petition Transfers were made during 2016 and 2017.  The Debtor was insolvent during that period.  Therefore, the Pre-Petition Transfers were avoidable constructive fraudulent transfers pursuant to § 548(a)(1)(B).

**E.**    **The Plaintiff May Recover the Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. § 550(a)(2)**

Section 550 of the Bankruptcy Code provides as follows:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from—

    (1) The initial transferee of such transfer or the entity for whose benefit such transfer was made; or

    (2) Any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).  As demonstrated above, Plaintiff may avoid the transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B), 544 and Cal. Civ. Code § 3439.04.  Zheng could be an immediate or mediate transferee of the Debtor's Pre-Petition Transfers.  Thus, Plaintiff is entitled to a judgment recovering the payments from Zheng for the benefit of the estate.

**F.**    **The Plaintiff May Preserve the Avoided Transfers for the Benefit of the Estate**

Section 551 of the Bankruptcy Code provides that "any transfer avoided" under sections 544, 547, or 548 of the Bankruptcy Code is "preserved for the benefit of the estate."  As Pre-Petition Transfers are being avoided pursuant to 11 U.S.C. §§ 548(a)(1)(B), and 544, the transferred funds also should be preserved for the benefit of the estate.

**G.**    **Plaintiff is Entitled to a Judgment for Turnover of the Payments**

Pursuant to 11 U.S.C. § 542, any party in possession, custody, or control of the debtor's bankruptcy estate assets must turn over and deliver such property or the value thereof to the trustee.  11 U.S.C. § 542.  A trustee may recover the value of the property if the entity no longer has possession of estate property.  *See Shapiro v. Henson*, 739 F.3d 1198, 1200 (9th Cir. 2014).  As explained above, the Debtor had an interest in the funds transferred through the Pre-Petition Transfers, and the voidable payments are property of the estate.  Plaintiff is entitled to a judgment compelling the turnover of its payments from Zheng and/or any other party in possession of the payments for the purpose of administering the property for the benefit of the estate's creditors.

**H.**     **The Court May Enter a Declaratory Judgment That the Payments are Property of the Estate**

All property of the debtor and property of the estate passes into the exclusive jurisdiction of the bankruptcy court upon the filing of a bankruptcy petition. *In re Hickman*, 384 B.R. 832, 839 (9th Cir. BAP 2008); *see also* 28 U.S.C. § 1334(e). "A complaint for declaratory relief is legally sufficient if it declares facts showing the existence of an actual controversy over the rights and duties of the parties under a written instrument and demands their adjudication." *In re Hetzer*, 1998 WL 35315852, at *6 (Bankr. N.D. Cal. 1998).

Here, the Court has jurisdiction to determine whether the funds transferred through the Pre-Petition Transfers constitute property of the estate that can be administered for the benefit of creditors. As demonstrated above, the payments constitute property of the estate, as money belonging to the Debtor that was transferred from the Debtor's bank account to F5 Financial for the benefit of Zheng and/or the Zheng Controlled Entities. Zheng failed to answer the Complaint and, as such, each of the facts in the Complaint is deemed to be admitted by Zheng. Under these circumstances, the Court should find that the Plaintiff is entitled to a declaratory judgment that the funds transferred through the Pre-Petition Transfers are property of the estate that may only be administered by Plaintiff for the benefit of the Debtor's creditors.

**I.**     **Zheng Breached His Fiduciary Duty Owed to the Debtor**

"The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." *Gutierrez v. Girardi*, 194 Cal. App. 4th 925, 932 (2011). As discussed below, Zheng, as the Debtor's President and the Chief Executive Officer, owed fiduciary duty to the Debtor; he breached his fiduciary duty by diverting the Debtor's funds to F5 Financial for his personal benefit and/or the benefit of the Zheng Controlled Entities; and the transfers to F5 Financial caused damages to the Debtor in the amount of approximately $635,182.62.

Zheng owed fiduciary duties to the Debtor. An officer who participates in corporate management by exercising some discretionary authority owes a fiduciary duty to the corporation. *Angelica Textile Services, Inc. v. Park*, 220 Cal. 4th 495, 509 (2013). Zheng was the Debtor's

1   President and the Chief Executive Officer. He exercised complete control over the Debtor and its

2   business and managed the Debtor's day-to-day business transactions. Clearly, Zheng owed

3   fiduciary duty to the Debtor. He was required to put the welfare and best interests of the Debtor

4   above his own personal or other business' interests.

5        Zheng breached his fiduciary duty owed to the Debtor by knowingly transferring the

6   Debtor's funds to F5 Financial for his personal benefit and/or the benefit of the Zheng Controlled

7   Entities. The Debtor did not receive any service or value in exchange for the Pre-Petition

8   Transfers. As a result of the Pre-Petition Transfers, the Debtor's funds in the amount of

9   $635,182.62 were diverted for purposes unrelated to the Debtor and its business, which eventually

10  contributed to the Debtor's financial distress.

11       Therefore, the Court should find that Zheng is liable for the Debtor's damages in the

12  amount of $635,182.62 caused by Zheng's making the Pre-Petition Transfers in breach of his

13  fiduciary duty owed to the Debtor as the Debtor's managing officer.

14       **J.    Prejudgment Interest**

15       "[State] law regarding prejudgment interest is applicable via 11 U.S.C. § 544(b)."

16  *Gladstone v. McHaffie* (*In re UC Lofts on 4th, LLC*), 2014 Bankr. LEXIS 1404, *76 (Bankr. S.D.

17  Cal. Mar. 27, 2014); *see also Attebury Grain, Ltd. Liab. Co. v. VAC Props., Ltd. Liab. Co.*, 2017

18  U.S. Dist. LEXIS 211173, *18 (C.D. Cal. Dec. 13, 2017); *see also Hayes v. Palm Seedlings*

19  *Partners* (*In re Agric. Research & Tech. Group, Inc.*), 916 F.2d 528, 541 (9th Cir. 1990).  In

20  California, the prejudgment interest rate for a fraudulent transfer claim is seven percent. See Cal.

21  Civ. Code § 3287; *Attebury Grain, Ltd. Liab. Co. v. VAC Props., Ltd. Liab. Co.*, 2017 U.S. Dist.

22  LEXIS 211173, *18.  In cases where interest is awarded on non-contractual claims, the rate is 7%

23  per annum from the date the claim arose. *Attebury Grain, Ltd. Liab. Co. v. VAC Props., Ltd. Liab.*

24  *Co.*, 2017 U.S. Dist. LEXIS 211173, *18; Cal. Const. Art. XV § 1.

25       Here, Plaintiff is entitled to judgment against Zheng in the amount of $635,182.62

26  pursuant to 11 U.S.C. § 544 and 548, and the pre-judgment interest should be 7% under Cal. Civ.

27  Code § 3287.  Plaintiff's fraudulent transfer claims arose on August 15, 2016 as Zheng caused the

28  Debtor to make the first payment to F5 Financial on that date. Therefore, the prejudgment interest

1    at 7% per annum should start from August 15, 2016 through the date of entry of a default

2    judgment.

3    **IV.    CONCLUSION**

4           Plaintiff requests that default judgment be entered against Zheng in the amount of

5    $635,182.62.  Plaintiff also requests that the Court award prejudgment interest as permitted by

6    law.

7

8     Date: January 14, 2021                              **GOE FORSYTHE & HODGES LLP**

9

10                                                        By: */s/Robert Goe*
                                                              Robert P. Goe
11                                                            Counsel for Plaintiff James Wong, the
                                                              Liquidating Trustee of PH DIP, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe – State Bar No. 137019<br>Ronghua Sophia Wang– State Bar No. 324494<br>GOE FORSYTHE & HODGES LLP<br>18101 Von Karman Avenue, Suite 1200<br>Irvine, CA 92612<br>RGoe@goeforlaw.com<br>SWang@goeforlaw.com<br>Telephone: (949) 798-2460<br>Facsimile:   (949) 955-9437 | |
| ☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| In re:<br>PH DIP, INC.,<br><br><br>Debtor(s). | CASE NUMBER: 2:18-bk-15972-WB<br><br>ADVERSARY NUMBER: 2:20-ap-01125-WB<br><br>CHAPTER: 11 |
|---|---|
| PH DIP, INC.,<br><br><br><br>Plaintiff(s),<br>vs.<br><br>F5 FINANCIAL, INC., a Texas Corporation; JAMES G. BUTLER, III; JAMES G. BUTLER IN HIS CAPACITY AS PRESIDENT AND DIRECTOR OF F5 FINANCIAL, INC; et al.,<br><br>Defendant(s). | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1**<br><br>DATE: 03/02/2021<br>TIME:  2:00 pm<br>COURTROOM: 1375<br>ADDRESS:  U.S. Bankruptcy Court<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:**

1.  Name of Defendant(s) against whom default judgment is sought (*specify name*): F5 FINANCIAL, INC., a Texas Corporation; James Gilmore Butler, III; and James G. Butler as President and Director

2.  Plaintiff filed the complaint in the above-captioned proceeding on (*specify date*): 05/20/2020

3.  The Summons and Complaint were served on Defendant by     ☐ personal service     ☒ mail service on the following date (*specify date*): 05/22/2020

4.  A true and correct copy of the completed return of summons form is attached.

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                                      Page 1                        **F 7055-1.2.DEFAULT.JMT.MOTION**

5.  The time for filing an answer or other response expired on (*specify date*): 06/22/2020

6.  No answer or other response has been filed or served by Defendant.

7.  The default of Defendant:

    a.  ☐ Has not yet been entered, but is requested
    b.  ☒ Was entered on (*specify date*): 09/08/2020

8.  **A Status Conference:**

    a.  ☒ Is scheduled for (*specify date, time, and place*): February 2, 2021 at 2:00 p.m.
    _____

    b.  ☐ Was held on (*specify date, time, and place*): _____
    _____

9.  As proof that Plaintiff is entitled to the relief requested in the complaint, Plaintiff:

    a.  ☒ Relies on the complaint and attached documents.
    b.  ☒ Attaches the following documents to establish a *prima facie* case:

        (1) ☒ Declaration of (*specify*): James Wong

        (2) ☐ Declaration of (*specify*): _____

        (3) ☒ Other (*specify*): Plaintiff's Brief in Support of Motion for Entry of Default Judgment

10. As further support for entry of a default judgment, Plaintiff submits a memorandum of points and authorities (optional).

11. **DECLARATION OF NON-MILITARY STATUS (**Servicemembers Civil Relief Act, 50 U.S.C. chapter 50 (§§ 3901-4043)).  The undersigned party or counsel declares under penalty of perjury, with respect to each Defendant against whom a default judgment is sought by this motion:

    a.  ☒ Defendant is not currently in military service.  The facts that support this statement are as follows (*see the court's website for information about how to verify non-military status*):

    b.  ☐ Defendant is currently in military service.  The facts that support this statement are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the requirements in 50 U.S.C. § 3931(b)(2) to appoint an attorney for the Defendant before entering a judgment*):

    c.  ☐ I am unable to determine whether or not Defendant is in military service.  The facts that support this statement are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the bond requirement in 50 U.S.C. § 3931(b)(3)*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1  Robert P. Goe – State Bar No. 137019
   Ronghua Sophia Wang– State Bar No. 324494
2  **GOE FORSYTHE & HODGES LLP**
   18101 Von Karman Avenue, Suite 1200
3  Irvine, CA 92612
   RGoe@goeforlaw.com
4  SWang@goeforlaw.com
   Telephone:  (949) 798-2460
5  Facsimile:   (949) 955-9437

6  Counsel for James Wong, the Liquidating Trustee of PH DIP, INC.

7

8              **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

10 | In re: | Case No.  2:18-bk-15972-WB |
|---|---|
11 | PH DIP, INC., | Chapter 11 Case |
12 | Reorganized Debtor. | Adv. Case No.: 2:20-ap-01125-WB |
13 | | |
14 | PH DIP, INC., | **DECLARATION OF JAMES WONG IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS F5 FINANCIAL, INC., JAMES G. BUTLER, III, AND JAMES G. BUTLER IN HIS CAPACITY AS PRESIDENT AND DIRECTOR OF F5 FINANCIAL, INC.** |
15 | Plaintiff, | |
16 | v. | |
17 | F5 FINANCIAL, INC., A TEXAS CORPORATION; JAMES G. BUTLER, III; JAMES G. BUTLER IN HIS CAPACITY AS PRESIDENT AND DIRECTOR OF F5 FINANCIAL INC.; DAVID FELTMAN; DAVID FELTMAN DBA LAW OFFICE OF DAVID FELTMAN, AND BRIAN ZHENG. | |
18 | | |
19 | | |
20 | Defendants. | |
21 | | |
22 | | |

23      I, James Wong, declare as follows:

24      1.      I am the Liquidating Trustee of the Reorganized Debtor PH DIP, Inc. ("Plaintiff"

25 and/or "Debtor").  I make this declaration in support of Plaintiff's *Motion for Default Judgment*

26 *Against F5 Financial, Inc., James G. Butler, III, and James G. Butler in His Capacity as President*

27 *and Director of F5 Financial, Inc.* (the "Motion"). The matters stated herein are within my own

28 personal knowledge and if called to testify, I could and would competently testify thereto.

1

1

2      2.      On May 24, 2018 (the "Petition Date"), PH DIP, Inc., formerly Playhut, Inc., (the

3 "Debtor") filed a voluntary petition under chapter 11 of Title 11 of the United States Code.

4      3.      The Debtor was continually insolvent from at least the beginning of 2015 until the

5 Petition Date.  Insolvency from a balance sheet test perspective is when an entity's total liabilities

6 exceed its total assets.

7      4.      In the quarter ending March 31, 2018, the Debtor had $11,516,772 in total assets,

8 and $15,607,442 in total current liabilities.

9      5.      In the quarter ending June 30, 2017, the Debtor had $10,715,851 in total assets, and

10 $11,555,108 in total current liabilities.

11      6.      In the quarter ending June 30, 2016, the Debtor had $9,464,034 in total assets, and

12 $10,329,675 in total current liabilities.

13      7.      In the quarter ending June 30, 2015, the Debtor had $9,814,987 in total assets, and

14 $10,794,978 in total current liabilities.

15      8.      Plaintiff filed its Complaint herein [Docket No. 1] (the "Complaint") on May 20,

16 2020, alleging five claims for relief against Defendants F5 Financial, Inc. ("F5 Financial"), James

17 G. Butler, III, and James G. Butler in His Capacity as President and Director of F5 Financial, Inc.

18 ("Mr. Butler"), (together, the "Defendants"). These claims (numbered here as they are numbered

19 in the Complaint) are as follows: (1) Avoidance and Recovery of Intentional Fraudulent Transfers

20 Pursuant to 11 U.S.C. §§ 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3430.07, and 3439.08;

21 (2) Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. 544(b),

22 548, 550(a), 551; Cal. Civ. Code §§ 3439.04, 3430.05, 3439.07, 3439.08, and 3439.09; (3)

23 Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§

24 548(a)(1)(B) and 550(a); (4) Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C.

25 § 550(a)(2); and (5) Avoidance and Recovery of Property of the Bankruptcy Estate. .

26      9.      Yu "Brain" Zheng ("Zheng"), as the sole shareholder, President, and Chief

27 Executive Officer of the Debtor, exercised complete control over the Debtor. Zheng, individually,

28 and along with his relatives, also utilized the Debtor's funds to acquired and operated multiple

other entities, including Patent Category Corporation, Azillion LLC, I Chef Inc., and Nearby

Kitchen LLC (the "Zheng Controlled Entities").

10.    The Debtor maintained its main corporate bank account at Preferred Bank (the

"Preferred Bank Account"), located in California.

11.    During the four years leading up to the Petition Date, although the Preferred Bank

Account was the Debtor's business bank account and contained only the money of the Debtor,

Zheng caused the Debtor to pay millions of dollars to third parties for his personal benefit and/or

on behalf of his personal obligations.

12.    F5 Financial was one of the parties who received funds made from the Debtor for

purposes unrelated to the Debtor or its business. F5 Financial was not a creditor of the Debtor;

instead, it bore no relationship to the Debtor or its business. Zheng caused the Debtor to make to

F5 Financial the following payments (the "Pre-Petition Transfers") for the sole benefit of Zheng

and the Zheng Controlled Entities:

| Bank Account | Date of Transfer | | Amount |
|---|---|---|---|
| Preferred Bank- General Checking Account No. #6699 | 4/13/2017 | Wire Transfer | $322,919.99 |
| Preferred Bank- General Checking Account No. #6699 | 4/17/2017 | Wire Transfer | $305,262.63 |
| Preferred Bank- General Checking Account No. #6699 | 8/15/2016 | Wire Transfer | $3,500.00 |
| Preferred Bank- General Checking Account No. #6699 | 8/24/2016 | Wire Transfer | $3,500.00 |
| | **TOTAL** | | **$635,182.62** |

13.    On or about the same date as the Debtor's transfers of $322,919.99 to F5 Financial,

Mr. Butler transferred $86,469.79 from F5 Financial to some third parties. Similarly, on the same

date as the Debtor's transfer of $305,262.63 to F5 Financial, Mr. Butler transferred $44,670.00

from F5 Financial to some third parties.

14.    David Feltman was one of the parties who received the transferred funds. Plaintiff

has settled with Defendants David Feltman and David Feltman dba Law Office of David Feltman.

A Motion to Approve Compromise Under Rule 9019 for the settlement was filed on December 7,

2020 and is pending before the Court.

3

15.     The Debtor made a total of $635,182.62.00 in payments to the F5 Financial and the other Defendants.  All these funds were the Debtor's property.

16.     All of the Debtor's payments to Defendants were made while the Debtor was insolvent.

17.     The Defendants defaulted on the Complaint, and the Court entered default against (1) F5 Financial, Inc. on September 8, 2020, see Docket # 15, (2) James Gilmore Butler, III on September 8, 2020, see Docket # 16, and (3) James G. Butler in his Capacity as President and Director of F5 Financial, Inc. on December 10, 2020 [Docket No. 30].

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this ____13th____ day of January 2021, at Irvine, California.

By: _____

James Wong

1  Robert P. Goe – State Bar No. 137019
   **GOE FORSYTHE & HODGES LLP**
2  18101 Von Karman Avenue, Suite 1200
   Irvine, CA 92612
3  RGoe@goeforlaw.com
   Telephone:  (949) 798-2460
4  Facsimile:   (949) 955-9437

5  Counsel for James Wong, the Liquidating Trustee of PH DIP, INC.

6

7              **UNITED STATES BANKRUPTCY COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

9  In re:                                    Case No.  2:18-bk-15972-WB

10 PH DIP, INC.,                             Chapter 11 Case

11        Reorganized Debtor.                Adv. Case No.: 2:20-ap-01125-WB

12 ────────────────────────────
   PH DIP, INC.,
13                                           **PLAINTIFF'S BRIEF IN SUPPORT OF**
        Plaintiff,                           **MOTION FOR ENTRY OF DEFAULT**
14                                           **JUDGMENT AGAINST DEFENDANTS F5**
   v.                                        **FINANCIAL, INC., JAMES G. BUTLER,**
15                                           **III, AND JAMES G. BUTLER IN HIS**
   F5 FINANCIAL, INC., A TEXAS               **CAPACITY AS PRESIDENT AND**
16 CORPORATION; JAMES G. BUTLER, III;       **DIRECTOR OF F5 FINANCIAL, INC.**
   JAMES G. BUTLER IN HIS CAPACITY AS
17 PRESIDENT AND DIRECTOR OF F5             Hearing:
   FINANCIAL INC.; DAVID FELTMAN;           Date:        March 2, 2021
18 DAVID FELTMAN DBA LAW OFFICE OF          Time:        2:00 p.m.
   DAVID FELTMAN, AND BRIAN ZHENG.          Courtroom: 1375
19                                                       United States Bankruptcy Court
        Defendants.                                      255 East Temple Street
20                                                       Los Angeles, CA 90012

21

22
          Plaintiff PH DIP, Inc., the Reorganized Debtor and Plaintiff herein (the "Plaintiff" and/or
23
   "Debtor"), hereby submits its *Brief in Support of Motion for Entry of Default Judgment Against*
24
   *Defendants F5 Financial, Inc., James G. Butler, III, and James G. Butler in His Capacity as*
25
   *President and Director of F5 Financial, Inc.* (the "Motion"). Plaintiff also submits the
26
   concurrently filed *Declaration of James Wong* ("Wong Decl.") in support of the Motion.
27

28

                                          1

## I.    INTRODUCTION

By the Motion, Plaintiff seeks the entry of default judgment against Defendants F5 Financial, Inc. ("F5 Financial"), James G. Butler, III, and James G. Butler in His Capacity as President and Director of F5 Financial, Inc. ("Mr. Butler"), (together, the "Defendants")[1].  This is an action by Plaintiff to recover, for the benefit of the Debtor's bankruptcy estate, the Debtor's transfer of funds in the amount of $635,182.62 to the Defendants.  Yu "Brain" Zheng ("Zheng"), as the sole shareholder, President, and Chief Executive Officer of the Debtor, caused the Debtor to make the payments to the Defendants. All these payments were for the sole benefit of the Defendants, Zheng, and/or his controlled affiliates and unrelated to the Debtor or its business. None of the Defendants were creditors of the Debtor.  Through transferring the Debtor's funds to the Defendants without any legitimate business purpose, Zheng diverted, dissipated, and unduly risked the Debtor's assets that might otherwise have been used to satisfy creditors' claims.

## II.    FACTUAL SUMMARY

Plaintiff filed its Complaint herein [Docket No. 1] (the "Complaint") on May 20, 2020, alleging five claims for relief against the Defendants.  These claims (numbered here as they are numbered in the Complaint) are as follows: (1) Avoidance and Recovery of Intentional Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3430.07, and 3439.08; (2) Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. 544(b), 548, 550(a), 551; Cal. Civ. Code §§ 3439.04, 3430.05, 3439.07, 3439.08, and 3439.09; (3) Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a); (4) Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. § 550(a)(2); and (5) Avoidance and Recovery of Property of the Bankruptcy Estate.

The Debtor filed for voluntary relief under Chapter 7 of the Bankruptcy Code on May 24, 2018 (the "Petition Date"). Zheng, as the sole shareholder, President, and Chief Executive Officer of the Debtor, exercised complete control over the Debtor. The Debtor maintained its main corporate

---

[1] Defendants F5 Financial, Inc., James G. Butler, III, and James G. Butler in His Capacity as President and Director of F5 Financial, Inc. are engaged in the same transfers, and thusly, are collectively named Defendants in this Motion.

1   bank account at Preferred Bank (the "Preferred Bank Account"), located in California. Wong Decl.,

2   ¶ 10; Complaint, ¶ 24.

3          During the four years leading up to the Petition Date, although the Preferred Bank Account

4   was the Debtor's business bank account and contained only the money of the Debtor, Zheng caused

5   the Debtor to pay millions of dollars to third parties for his personal benefit and/or on behalf of his

6   personal obligations.  Wong Decl., ¶ 11; Complaint, ¶ 18. Zheng, individually, and along with his

7   relatives, also utilized the Debtor's funds to acquire and operate multiple other entities, including

8   Patent Category Corporation, Azillion LLC, I Chef Inc., and Nearby Kitchen LLC (the "Zheng

9   Controlled Entities"). Wong Decl., ¶ 9; Complaint, ¶ 20.

10         F5 Financial was one of the parties who received funds made from the Debtor for purposes

11  unrelated to the Debtor or its business. Wong Decl., ¶ 12; Complaint, ¶ 26. F5 Financial was not a

12  creditor of the Debtor; instead, it bore no relationship to the Debtor or its business. Wong Decl., ¶

13  12; Complaint, ¶ 27. Zheng caused the Debtor to make to F5 Financial the following payments (the

14  "Pre-Petition Transfers") for the sole benefit of Zheng and the Zheng Controlled Entities:

| Bank Account | Date of Transfer | | Amount |
|---|---|---|---|
| Preferred Bank- General Checking Account No. #6699 | 4/13/2017 | Wire Transfer | $322,919.99 |
| Preferred Bank- General Checking Account No. #6699 | 4/17/2017 | Wire Transfer | $305,262.63 |
| Preferred Bank- General Checking Account No. #6699 | 8/15/2016 | Wire Transfer | $3,500.00 |
| Preferred Bank- General Checking Account No. #6699 | 8/24/2016 | Wire Transfer | $3,500.00 |
| | **TOTAL** | | **$635,182.62** |

Wong Decl., ¶ 12; Complaint, ¶ 26.

       On or about the same date as the Debtor's transfers of $322,919.99 to F5 Financial, Mr.

Butler transferred $86,469.79 from F5 Financial to some third parties. Similarly, on the same date

as the Debtor's transfer of $305,262.63 to F5 Financial, Mr. Butler transferred $44,670.00 from F5

Financial to some third parties. David Feltman[2] was one of the parties who received the transferred funds. Wong Decl., ¶¶ 13-14.

The Defendants defaulted on the Complaint, and the Court entered default against (1) F5 Financial, Inc. on September 8, 2020, see Docket # 15, (2) James Gilmore Butler, III on September 8, 2020, see Docket # 16, and (3) James G. Butler in his Capacity as President and Director of F5 Financial, Inc. on December 10, 2020, see Docket # 30. Accordingly, the Plaintiff now requests that the Court enter default judgment against the Defendants on five of the Complaint's Claims for Relief aforementioned, and award costs of suit on all claims for relief.

## III. DEFAULT JUDGMENT IS APPROPRIATE

### A. The Court May Enter Judgment by Default

Rule 55 of the Federal Rule of Civil Procedure ("FRCP"), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7055, provides that the Court may enter judgment by default upon application of the party entitled to the default. It provides in pertinent part:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings

---

[2] Plaintiff has settled with Defendants David Feltman and David Feltman dba Law Office of David Feltman. A Motion to Approve Compromise Under Rule 9019 for the settlement was filed on December 7, 2020 and was granted on January 7, 2021 [Docket No. 632].

1    or make referrals—preserving any federal statutory right to a jury
     trial—when, to enter or effectuate judgment, it needs to

2

3        (A) conduct an accounting;
         (B) determine the amount of damages;
         (C) establish the truth of any allegation by evidence; or

4        (D) investigate any other matter.

5    To obtain a default judgment, a two-step process is required: (1) an entry of default

6    (typically by the clerk of court); and (2) a judgment by default. *Cashco Fin. Servs. v. McGee (In re*

7    *McGee)*, 359 B.R. 764, 770 (9th Cir. BAP 2006) (citing Fed. R. Civ. P. 55(a) and (b) and Fed. R.

8    Bankr. P. 7055).  Here, the Plaintiff has satisfied the first step as the Court have entered default

9    against all the Defendants.

10    With regard to the second step, on a motion for default judgment, the "[w]ell-pleaded

11    allegations are taken as admitted on a default judgment." *Benny v. Piper*, 799 F.2d 489, 495 (9th

12    Cir. 1986); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

13    Evidence supporting such factual allegations is not required.  *See Fong v. U.S.*, 300 F.2d 400, 409

14    (because of the "default order, no further supporting evidence was required.").  Moreover, in

15    granting default judgments, courts are not required to make detailed findings of fact.  *See Fair*

16    *Housing of Marin v. Combs (In re Combs)*, 285 F.3d 899, 906 (9th Cir. 2002).

17    "The general rule of law is that upon default the factual allegations of the complaint,

18    except those relating to the amount of damages, will be taken as true." *Sharma v. Salcido (In re*

19    *Sharma*, 2013 Bankr. LEXIS 2286, at *20-21 (B.A.P. 9th Cir. May 14, 2013) (*quoting Televideo*

20    *Sys.*, 826 F.2d 915, 917-18 (9th Cir. 1987)) (internal quotation marks and citations omitted).

21    Thus, "a prove-up hearing is only required where the damages are unliquidated or not capable of

22    mathematical calculation.  FRCP 55(b) does not require a hearing to investigate facts not related to

23    damages, since the default itself establishes those facts as alleged in the complaint." *In re Sharma*,

24    2013 Bankr. LEXIS 2286 at *22 (*citing Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981);

25    *Televideo Sys.*, 826 F.2d at 917-18).

26    In this case, the allegations in the Complaint set out the facts for the Debtor's payments to

27    F5 Financial and Mr. Bulter's subsequent transfer of the funds to other parties for purposes

28    unrelated to the Debtor or its business.  The Plaintiff's allegations are well pled, straightforward,

1  and set forth the Defendants' liability for each of the five cause of actions stated in the Complaint.

2  The Plaintiff submits that the monetary relief requested—avoidance of fraudulent transfers—has

3  been established such that entry of default judgment by the Court would be appropriate.

4  Nevertheless, the Plaintiff, by this Brief, supplements the Complaint, providing further support for

5  liability. Therefore, the Court should enter judgment in favor of the Plaintiff based on the facts

6  established in the Complaint.

7      **B.      The Plaintiff Can Avoid the Transfers as Intentionally Fraudulent Under**

8           **California State Law Pursuant to 11 U.S.C. 544**

9      Section 3439.04(a)(1) of the California Civil Code states:

10        A transfer made or obligation incurred by a debtor is voidable as to a
           creditor, whether the creditor's claim arose before or after the transfer
11         was made or the obligation was incurred, if the debtor made the
           transfer or incurred the obligation […] (1) with actual intent to hinder,
12         delay, or defraud any creditor of the debtor.

13

14      A creditor can void as "actual fraud" any transfer made or obligation incurred by a debtor

15  if the debtor acted with "[w]ith actual intent to hinder, delay, or defraud any creditor of the

16  debtor." Cal. Civ. Code § 3439.04(a)(1).  Eleven (11) factors or "badges of fraud," are used to

17  determine actual fraud, prompting courts to consider whether the transfer should be voided:

18        (1) The transfer or obligation was to an insider, (2) The debtor retained possession
           or control of the property transferred after the transfer, (3) The transfer or
19         obligation was disclosed or concealed, (4) Before the transfer was made or
           obligation was incurred, the debtor had been sued or threatened with suit, (5) The
20         transfer was of substantially all the debtor's assets, (6) The debtor absconded, (7)
           The debtor removed or concealed assets, (8) The value of the consideration
21         received by the debtor was reasonably equivalent to the value of the asset
           transferred or the amount of the obligation incurred, (9) The debtor was insolvent
22         or became insolvent shortly after the transfer was made or the obligation was
           incurred, (10) The transfer occurred shortly before or shortly after a substantial debt
23         was incurred, and (11) The debtor transferred the essential assets of the business to
           a lienholder who transferred the assets to an insider of the debtor.

24

25  Cal. Civ. Code § 3439.04(b).

26      Here, numerous badges of fraud are present with respect to the Pre-Petition Transfers.

27  First, the Pre-Petition Transfers were for the benefit of the Defendants, Zheng and the Zheng's

28  Controlled Entities and were not related to any legitimate business purposes of the Debtor. The

Pre-Petition Transfers depleted the Debtor's business account to levels insufficient to pay the Debtor's debts as they came due.  Second, the Defendants knew or consciously or recklessly chose to ignore the fact that the Pre-Petition Transfers were not related to any legitimate business purposes of the Debtor, but the payments were made from the Debtor's business account. Third, the Pre-Petition Transfers were made in 2016 and 2017. The Debtor was continuously insolvent from at least the beginning of 2015, and Zheng clearly knew that the Debtor was insolvent when the Prepetition Transfers were made. Wong Decl., ¶ 3.  Finally, the Debtor did not receive any value in exchange for the Pre-Petition Transfers. Therefore, the Pre-Petition Transfers were made with the actual intent to hinder, delay, or defraud the Debtor's creditors and are avoidable under Cal. Civ. Code § 3439.04(a)(1).

C.    **The Plaintiff Can Avoid the Transfers as Constructively Fraudulent Under California State Law Pursuant to 11 U.S.C. 544**

Section 3439.04(a)(2) of the California Civil Code states:

> A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:
> (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
> (B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

An avoidable constructive fraudulent transfer is made for less than reasonably equivalent value in exchange when the debtor's remaining assets were unreasonably small in relation to its business or transaction.  Cal. Civ. Code § 3439.04(a)(2).  Further, pursuant to California Civil Code § 3439.05(a), a transfer is avoidable when made for less than reasonably equivalent value while the debtor is insolvent, or when the debtor becomes insolvent by reason of the transfer.  Cal. Civ. Code § 3439.05(a).  The statutory "look back" period under state fraudulent transfer law for transfers for less than reasonably equivalent value is four years.  California Civil Code § 3439.09.

1    Here, the Pre-Petition Transfers were made in 2016 and 2017, which is within the four-

2   year statutory period under state constructively fraudulent transfer law. The Debtor was

3   continuously insolvent from at least the beginning of 2015 until the Petition Date.  Wong Decl., ¶

4   3.  The Debtor's balance sheets also had fewer assets than liabilities every year from 2015 until the

5   Petition Date.  Wong Decl., ¶¶ 4-7.  Accordingly, the Debtor was insolvent when the Pre-Petition

6   Transfers were made.

7    Further, as discussed above, the Pre-Petition Transfers were made for the benefit of the

8   Defendants, Zheng and the Zheng Controlled Entities. The Debtor did not receive any value in

9   exchange for the Pre-Petition Transfers. Therefore, the Pre-Petition Transfers were avoidable

10  constructive fraudulent transfers.

11      **D.**      **The Plaintiff Can Avoid the Transfers as Constructively Fraudulent Under**

12               **Bankruptcy Code**

13    Section 548(a)(1)(B) of the Bankruptcy Code provides that a transaction can be avoided if

14  the debtor has "received less than a reasonably equivalent value in exchange for such transfer or

15  obligation … ." 11 U.S.C. § 548(a)(1)(B). Here, the Pre-Petition Transfers were avoidable

16  constructive fraudulent transfers pursuant to § 548(a)(1)(B) for the following reasons:

17    First, the Pre-Petition Transfers were transfers of an interest in property under the

18  Bankruptcy Code.  The Bankruptcy Code defines "transfers" to include the creation of a lien and

19  "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or

20  parting with—(i) property; or (ii) an interest in property."  11 U.S.C. §§ 101(54)(A) and (D).

21  Here, the Debtor made a total of $635,182.62.00 in payments to F5 Financial and other

22  Defendants.  Wong Decl., ¶ 15, Complaint, ¶ 26.  All these funds were the Debtor's property.

23    Second, the Debtor did not receive any value in exchange for the Pre-Petition Transfers.

24  None of the Defendants were creditors of the Debtor. Wong Decl., ¶ 11.  The payments that Zheng

25  caused the Debtor to make to the Defendants were unrelated to the Debtor or its business and for

26  the sole benefit of the Defendants, Zheng and the Zheng Controlled Entities.

27    Finally, the Debtor made the Pre-Petition Transfers to the Defendants while the Debtor

28  was insolvent.  The Debtor's balance sheets had fewer assets than liabilities every year from 2015

8

until the Petition Date.  Wong Decl., ¶¶ 4-7.  The Pre-Petition Transfers were made during 2016 and 2017. The Debtor was insolvent during that period.  Therefore, the Pre-Petition Transfers were avoidable constructive fraudulent transfers pursuant to § 548(a)(1)(B).

**E.**     **The Plaintiff May Recover the Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. § 550(a)(2)**

Section 550 of the Bankruptcy Code provides as follows:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from—

(1) The initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) Any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).  As demonstrated above, Plaintiff may avoid the transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B), 544 and Cal. Civ. Code § 3439.04.  The Defendants were the initial transferees of the Debtor's Pre-Petition Transfers.  Thus, Plaintiff is entitled to a judgment recovering the payments from the Defendants for the benefit of the estate.

**F.**     **The Plaintiff May Preserve the Avoided Transfers for the Benefit of the Estates**

Section 551 of the Bankruptcy Code provides that "any transfer avoided" under sections 544, 547, or 548 of the Bankruptcy Code is "preserved for the benefit of the estate."  As the Debtor's payments to the Defendants are being avoided pursuant to 11 U.S.C. §§ 548(a)(1)(B), and 544, the payments also should be preserved for the benefit of the estate.

**G.**     **Plaintiff is Entitled to a Judgment for Turnover of the Payments**

Pursuant to 11 U.S.C. § 542, any party in possession, custody, or control of the debtor's bankruptcy estate assets must turn over and deliver such property or the value thereof to the trustee.  11 U.S.C. § 542.  A trustee may recover the value of the property if the entity no longer has possession of estate property.  *See Shapiro v. Henson*, 739 F.3d 1198, 1200 (9th Cir. 2014).  As explained above, the Debtor had an interest in the payments made to the Defendants, and the

voidable payments are property of the estate.  Plaintiff is entitled to a judgment compelling the turnover of its payments from the Defendants and/or any other party in possession of the payments for the purpose of administering the property for the benefit of the estate's creditors.

### H.    The Court May Enter a Declaratory Judgment That the Payments are Property of the Estate

All property of the debtor and property of the estate passes into the exclusive jurisdiction of the bankruptcy court upon the filing of a bankruptcy petition.  *In re Hickman*, 384 B.R. 832, 839 (9th Cir. BAP 2008); *see also* 28 U.S.C. § 1334(e). "A complaint for declaratory relief is legally sufficient if it declares facts showing the existence of an actual controversy over the rights and duties of the parties under a written instrument and demands their adjudication." *In re Hetzer*, 1998 WL 35315852, at *6 (Bankr. N.D. Cal. 1998).

Here, the Court has jurisdiction to determine whether the Debtor's payments to the Defendants constitute property of the estate that can be administered for the benefit of creditors. As demonstrated above, the payments constitute property of the estate, as money belonging to the Debtor that was transferred from the Debtor's bank account to the Defendants for purposes unrelated the Debtor and its business.  The Defendants failed to answer the Complaint and, as such, each of the facts in the Complaint is deemed to be admitted by the Defendants.  Under these circumstances, the Court should find that the Plaintiff is entitled to a declaratory judgment that the Debtor's payments to the Defendants are property of the estate that may only be administered by Plaintiff for the benefit of the Debtor's creditors.

### I.    Prejudgment Interest

"[State] law regarding prejudgment interest is applicable via 11 U.S.C. § 544(b)." *Gladstone v. McHaffie* (*In re UC Lofts on 4th, LLC*), 2014 Bankr. LEXIS 1404, *76 (Bankr. S.D. Cal. Mar. 27, 2014); *see also Attebury Grain, Ltd. Liab. Co. v. VAC Props., Ltd. Liab. Co.*, 2017 U.S. Dist. LEXIS 211173, *18 (C.D. Cal. Dec. 13, 2017); *see also Hayes v. Palm Seedlings Partners* (*In re Agric. Research & Tech. Group, Inc.*), 916 F.2d 528, 541 (9th Cir. 1990).  In California, the prejudgment interest rate for a fraudulent transfer claim is seven percent. See Cal. Civ. Code § 3287; *Attebury Grain, Ltd. Liab. Co. v. VAC Props., Ltd. Liab. Co.*, 2017 U.S. Dist.

1    LEXIS 211173, *18.  In cases where interest is awarded on non-contractual claims, the rate is 7%

2    per annum from the date the claim arose. *Attebury Grain, Ltd. Liab. Co. v. VAC Props., Ltd. Liab.*

3    *Co.*, 2017 U.S. Dist. LEXIS 211173, *18; Cal. Const. Art. XV § 1.

4        Here, Plaintiff is entitled to judgment against the Defendants in the amount of $635,182.62

5    pursuant to 11 U.S.C. § 544 and 548, and the pre-judgment interest should be 7% under Cal. Civ.

6    Code § 3287.  Plaintiff's fraudulent transfer claims arose on August 15, 2016 as the Debtor made

7    the first payment to the Defendants on that date. Therefore, the prejudgment interest at 7% per

8    annum should start from August 15, 2016 through the date of entry of a default judgment.

9    **IV.    CONCLUSION**

10        Plaintiff requests that default judgment be entered against the Defendants in the amount of

11    $635,182.62.  Plaintiff also requests that the Court award prejudgment interest as permitted by

12    law.

13

14     Date: January 14, 2021                    **GOE FORSYTHE & HODGES LLP**

15

16                                            By: */s/Robert Goe*_____
                                                 Robert P. Goe
17                                               Counsel for Plaintiff James Wong, the
                                                 Liquidating Trustee of PH DIP, Inc.
18

19

20

21

22

23

24

25

26

27

28

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P Goe<br>Goe & Forsythe, LLP<br>18101 Von Karman, Ste 1200<br>Irvine, CA 92612<br><br>949–798–2460<br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br><br>PH DIP, Inc<br><br><br>Debtor(s). | CASE NO.: 2:18–bk–15972–WB<br><br>CHAPTER: 11<br><br>ADVERSARY NUMBER: 2:20–ap–01125–WB |
|---|---|
| PH DIP, Inc<br><br><br>Plaintiff(s)<br>Versus<br><br>F5 Financial, Inc.<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **06/22/2020.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

 A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Date: | **July 21, 2020** |
|---|---|
| Time: | **02:00 PM** |
| Hearing Judge: | **Julia W. Brand** |
| Location: | **255 E Temple St., Crtrm 1375, Los Angeles, CA 90012** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>May 21, 2020</u>

By: <u>"s/" William C. Kaaumoana Jr.</u>

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                   Page 2                     **F 7004–1.SUMMONS.ADV.PROC**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| PH DIP, Inc | F5 Financial, Inc. <br> James Gilmore Butler <br> James G. Butler in his Capacity as President and Director of F5 Financial Inc. <br> David Feltman <br> David Feltman dba Law Office of David Feltman <br> Brian Zheng <br> DOES 1 to 25 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

Robert P. Goe – SBN 137019
Rafael R. Garcia-Salgado – SBN 283230
**GOE FORSYTHE & HODGES LLP**
18101 Von Karman Ave., Ste. 1200
Irvine, CA 92612
RGoe@goeforlaw.com
RGarcia@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for PH DIP, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>PH DIP, INC.,<br><br>   Debtor and Debtor in Possession. | Case No.  2:18-bk-15972-WB<br><br>Chapter 11 Case<br><br>Adv. Case No.: 2:20-ap-_____-WB |
| PH DIP, INC.,<br><br>   Plaintiff,<br><br>-vs-<br><br>F5 FINANCIAL, INC., A TEXAS CORPORATION; JAMES GILMORE BUTLER, III; JAMES G. BUTLER IN HIS CAPACITY AS PRESIDENT AND DIRECTOR OF F5 FINANCIAL INC.; DAVID FELTMAN; DAVID FELTMAN DBA LAW OFFICE OF DAVID FELTMAN; BRIAN ZHENG; and DOES 1-25.<br><br>   Defendants. | **COMPLAINT FOR:**<br><br>1. **AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFERS;**<br><br>2. **AVOIDANCE AND RECOVERY OF INTENTIONAL FRAUDULENT TRANSFERS;**<br><br>3. **AVOIDANCE AND RECOVERY OF PROPERTY OF THE BANKRUPTCY ESTATE; AND**<br><br>4. **BREACH OF FIDUCIARY DUTY** |

   PH DIP, Inc., formerly known as Playhut, Inc., a California Corporation, the Debtor and Debtor-in-Possession (the "<u>Debtor</u>" or "<u>Playhut</u>" or "<u>Plaintiff</u>") and Plaintiff in this adversary proceeding, respectfully represents and alleges as follows:

   ///

   ///

1

110634069.v1

## I.  **JURISDICTION AND VENUE**

1.     This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding under 28 U.S.C. § 1334 because the claims asserted herein arise under title 11 of the United States Code or arise in or relate to the Chapter 11 case of the debtor and debtor-in-possession, PH DIP, Inc., currently pending in the Bankruptcy Court as Bankruptcy Case 2:18-bk-15972-WB (the "Playhut Bankruptcy Case"). The outcome of this adversary proceeding will have a significant effect on the bankruptcy estate because it will impact the disposition of property of the estate and the amount of money available for distribution to creditors.

2.     This action is a core proceeding under 28 U.S.C. § 157(b).

3.     Pursuant to FRBP 7008, the Debtor consents to the Bankruptcy Court entering final judgment and order. Each Defendant is hereby notified that FRBP 7008(a) requires each Defendant to plead whether the claims for relief alleged against such Defendant are core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

4.     This adversary proceeding involves property worth more than $1,000 and does not involve a consumer debt.  Venue in this judicial district is appropriate under 28 U.S.C. §§ 1408 and 1409(a) and/or (c) because Debtor's bankruptcy case is pending in the Central District of California.

## II.  **THE PARTIES**

5.     The Debtor is a corporation organized under the laws of the State of California.

6.     On May 24, 2018 (the "Petition Date"), the Debtor filed for bankruptcy protection under chapter 11 of the Bankruptcy Code.

7.     On December 3, 2018 an Order was entered granting the Debtor's *Motion for Order Authorizing Change in Case Caption*, in accordance with the name change of Playhut, Inc., to PH DIP, Inc. [Docket No. 266].

8.     The Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

110634069.v1

9.     On information and belief, on and before the Petition Date, and continuing to the present, Defendant F5 Financial, Inc. ("F5 Financial") was a corporation organized under the laws of the State of Texas.

10.     On information and belief, on and before the Petition Date, and continuing to the present, Defendant James Gilmore Butler, III ("Butler") was an individual who resides in the state of Texas. Butler is the president of F5 Financial.

11.     On information and belief, on and before the Petition Date, and continuing to the present, Defendant David Feltman ("Feltman") was an individual residing and doing business in the State of Illinois. Feltman is an attorney at law doing business as the Law Office of David Feltman.

12.     On and before the Petition Date and continuing to the present, Defendant Brian Zheng ("Zheng") was an individual residing in the State of California. Zheng is the sole shareholder, President, and Chief Executive Officer of the Debtor.

13.     Defendants DOES 1 through 25, inclusive, whether individual, corporate, associate, alter ego, or otherwise, are fictitious names of F5 Financial, Butler, Feltman, and/or Zheng (collectively, "Defendants"), or their agents, whose true names and capacities, at this time, are unknown to Plaintiff.  Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, each Defendant sued herein as a DOE was acting for itself or its agent, servant, employee, and/or alter ego of its Co-Defendants, and in doing the things hereinafter mentioned, was acting in the course and scope of its authority as such agent, servant, employee, and/or alter-ego, and with the permission and consent of its Co-Defendants; and that each of said fictitiously named Defendants, whether acting for itself or as agents, corporations, associations, or otherwise, is in some way liable or responsible to Plaintiff on the facts hereinafter alleged, and caused injuries and damages proximately thereby, as hereinafter alleged.  At such times as Defendants' true names and capacities become known to Plaintiff, Plaintiff will ask leave of this court to amend this Complaint to insert said true names and capacities.

14.     Each of the Doe defendants is an immediate or mediate transferee of the fraudulent

3

1   or otherwise avoidable transfers alleged in this Complaint, or of the proceeds of such fraudulent or

2   otherwise avoidable transfers, and did not take such transferred property for value, in good faith,

3   and without knowledge of the avoidability of such transfers.

4   ### III.  GENERAL ALLEGATIONS

5        15.    The allegations contained in paragraphs 1-13, inclusive, are re-alleged and

6   incorporated herein by this reference, as though set forth in full.

7   ***Playhut, Brian Zheng, and Related Entities***

8        16.    Founded in 1992, Playhut became a leader in the toy industry, producing toys that

9   allowed children to play in imaginative and educational ways, including indoor and outdoor play

10  structures, baby structures, dolls, and plushes that incorporated interactive features such as games

11  and themed environments. With licenses from Disney, Nickelodeon, Sesame Street, and others

12  that allowed Playhut to put their images on its play structures, Playhut grew into a toy producer

13  with significant market share of toy structures and other products for primarily the toddler age

14  range. Playhut had relationships with major retailers such as Wal-Mart, Canadian Tire, TJ Max,

15  Walgreens, and Amazon.

16       17.    At the head of Playhut was its founder, sole shareholder, President, and Chief

17  Executive Officer, Brian Zheng, who was ultimately responsible for overseeing the day-to-day

18  business operations and financial performance of Playhut and who was involved in supervising all

19  aspects of Playhut's financial affairs.

20       18.    During the four years leading up to the Petition Date, Zheng was causing Playhut to

21  pay millions of dollars to third parties for his personal benefit and/or on behalf of his personal

22  obligations.

23       19.    Utilizing funds transferred from Playhut prior to the Petition Date, Zheng was able

24  to and did maintain an extravagant lifestyle, including several luxury cars, a multi-million dollar

25  11,000-square-foot home, and the like.

26       20.    Utilizing funds transferred from Playhut prior to the Petition Date, Zheng,

27  individually, and along with his relatives, also directly or indirectly acquired and operated multiple

28  other entities, including Patent Category Corporation, Azillion LLC, I Chef Inc., and Nearby

110634069.v1

1   Kitchen LLC (the "Zheng Controlled Entities").

2

3   ***Playhut's Financial Collapse***

4       21.     By 2017, Playhut was already in serious financial difficulty, and its overall

5   financial condition, including its significant debts, rendered it insolvent, undercapitalized, and

6   unable to pay its debts as they became due in the ordinary course of business.

7       22.     Unfortunately, Zheng either could not or would not scale back his or the Zheng

8   Controlled Entities' (into which Zheng was diverting Playhut's money) business operations or

9   expenses or his personal lavish lifestyle. Instead, Zheng kept spending Playhut's money and

10  causing Playhut to take on additional debt while leaving significant creditors unpaid in a bid to

11  support his lavish lifestyle.

12      23.     On May 24, 2018, Playhut filed for bankruptcy protection under chapter 11 of the

13  Bankruptcy Code. According to Playhut's *Schedules of Assets and Liabilities*, its assets totaled

14  approximately $4 million while its liabilities totaled approximately $21 million.

15  ***The Playhut Bank Account of Preferred Bank***

16      24.     At all relevant times, Playhut maintained its main corporate bank account at

17  Preferred Bank (the "Preferred Bank Account"), located in California. That account remained

18  open until after Playhut filed bankruptcy. As a general matter, money from business loans to

19  Playhut and cash receipts from Playhut's business operations were received into that account.

20  Similarly, Playhut paid its business expenses from that account. The Preferred Bank Account was

21  disclosed in the general ledger and other books and records of Playhut. Similarly, the flow of

22  Playhut's money into and out of that account was also disclosed in Playhut's records. When Zheng

23  personally signed the *Schedules and Statement of Financial Affairs* filed in Playhut's bankruptcy

24  case, he disclosed the Preferred Bank Account in those filings.

25      25.     Although the Preferred Bank Account was the business bank account for and

26  contained only the money of Playhut, at Zheng's instruction, payments were made from that

27  account to support his opulent life style and personal proclivities, including: (a) to operate the

28  Zheng Controlled Entities; and (b) to pay his personal expenses charged on his multiple credit

5

1  cards.

2  ### *The F5 Financial Transfers*

3      26.    Among the payments that Zheng caused to be made from Playhut's money in the

4  Preferred Bank Account for purposes unrelated to Playhut or its business are the following

5  payments to Defendant F5 Financial (the "Transfers"):

| Bank Account | Date of Transfer | | Amount |
|---|---|---|---|
| Preferred Bank- General Checking Account No. #6699 | 4/13/2017 | Wire Transfer | $322,919.99 |
| Preferred Bank- General Checking Account No. #6699 | 4/17/2017 | Wire Transfer | $305,262.63 |
| Preferred Bank- General Checking Account No. #6699 | 8/15/2016 | Wire Transfer | $3,500.00 |
| Preferred Bank- General Checking Account No. #6699 | 8/24/2016 | Wire Transfer | $3,500.00 |
| | | TOTAL | $635,182.62 |

    27.    Defendant F5 Financial was not a creditor of Playhut; instead, it bore no

relationship to Playhut or its business. All payments that Zheng caused Playhut to make to F5

Financial were for the sole benefit of Zheng and the Zheng Controlled Entities, had no legitimate

business purpose, and were not for the benefit of Playhut or its creditors.

    28.    On or about the same date as Playhut's transfer of $322,919.99 to F5 Financial,

Defendant Butler transferred $86,469.79 from F5 Financial to Defendants DOES 1-25.

    29.    On the same date as the Debtor's transfer of $305,262.63 to F5 Financial,

Defendant Butler transferred $44,670.00 to Defendants DOES 1-25.

    30.    On or about the same date as Playhut's transfer of $322,919.99 to F5 Financial,

Defendant Butler transferred $218,510.20 from F5 Financial to Feltman.

    31.    On or about the same date as Playhut's transfer of $305,262.63 to F5 Financial,

Defendant Butler transferred $208,400 from F5 Financial to Feltman.

    32.    Defendants F5 Financial and/or Butler also retained certain of the funds from the

Transfers.

    33.    Zheng's transfers to F5 Financial as described above lacked any business purpose

110634069.v1

and depleted the Debtor's business checking account to levels insufficient to pay the Debtor's

debts as they came due.  By April 28, 2020, the Debtor had only $16,843.52 in its business

checking account.

34.     Through transferring $635,182.62 of the Debtor's funds to F5 Financial without

any legitimate business purpose, Zheng diverted, dissipated, and unduly risked the Debtor's assets

that might otherwise have been used to satisfy creditors' claims. Zheng thereby breached his duty

of care to the Debtor by mismanaging the Debtor and failing to diligently operate the Debtor's

corporate business.  Zheng's mismanagement permitted the Debtor's funds to be diverted to

Defendants F5 Financial, Butler, and Feltman, at the expense of the Debtor's legitimate business.

## IV.   <u>FIRST CLAIM FOR RELIEF</u>

**(Avoidance and Recovery of Intentional Fraudulent Transfers Pursuant to 11 U.S.C. §§**

**502(d), 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07, 3439.08)**

**[Against All Defendants]**

35.     The allegations contained in paragraphs 1 through 34, inclusive, are re-alleged and

incorporated herein by this reference as though set forth in full herein.

36.     During the four-year period immediately preceding the Petition Date, Zheng caused

Playhut to make the Transfers to or for the benefit of Defendants.

37.     The Transfers were made by Playhut, at Zheng's direction, with the actual intent to

hinder, delay, or defraud its creditors. Specifically, Zheng caused Playhut to make these Transfers

to or for the benefit of the Defendants to fund Defendant Zheng's opulent personal lifestyle and

personal proclivities and residence, and not to sustain or promote the business of Playhut, even

though he knew or consciously or recklessly chose to ignore the facts known to him that strongly

suggested that Playhut was in dire financial straits and was undercapitalized, insolvent and unable

to pay its debts as they became due in the ordinary course of business.

38.     The Defendants did not take any of the Transfers for a reasonably equivalent value

and/or did not take such Transfers in good faith. Specifically, the Defendants: (a) knew or

consciously or recklessly chose to ignore facts known to them that strongly suggested that they

were being paid by Playhut because the transfers were identified as emanating from that entity; (b)

7

1  knew or consciously chose to ignore facts known to them that strongly suggested that the services,

2  if any, that Defendants provided in exchange for those payments were not for Playhut but rather

3  were for Zheng or a Zheng Controlled Entity; and (c) knew or consciously or recklessly chose to

4  ignore facts known to them that strongly suggested the services, if any, provided by them for such

5  payments conferred no or less than substantially equivalent value upon Playhut.

6      39.    The Transfers were made either in anticipation of bankruptcy and/or to prevent the

7  Debtor from paying its debts.

8      40.    The Transfers were made for the purpose of preventing a prospective bankruptcy

9  trustee and/or creditors of the Debtor from obtaining the value of the Transfers.

10     41.    The Transfers were made with the actual intent to hinder, delay, or defraud

11  creditors, including the Debtor.

12     42.    At all relevant times, the Transfers were voidable under Cal. Civ. Code §§

13  3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against

14  Playhut that were and are allowable against its estate under 11 U.S.C. § 502, or that were not and

15  are not allowable only under 11 U.S.C. § 502(e).

16     43.    The Transfers were fraudulent transfers avoidable under 11 U.S.C. §§ 544 and 548

17  and California Civil Code §§ 3439.04, 3439.07, and 3439.09.  The Debtor may recover for the

18  benefit of the estate the Transfers, or the value of the Transfers, from Defendants, or any

19  immediate or mediate transferee of the Defendants, pursuant to 11 U.S.C. §§ 548, 550, and 551.

## V.    SECOND CLAIM FOR RELIEF

**(Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§
544(b), 548, 550(a), 551; California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.08,
3439.09)**

**[Against All Defendants]**

25     44.    The allegations contained in paragraphs 1 through 43, inclusive, are re-alleged and

26  incorporated herein by this reference as though set forth in full herein.

27     45.    At all relevant times within the four years immediately preceding the Petition Date,

28  Playhut: (a) was insolvent, or became insolvent as a result of the Transfers; (b) was engaged in or

8

1   was about to engage in a business or a transaction for which its remaining assets were

2   unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed

3   or reasonably should have believed that it would incur, debts beyond its ability to pay as they

4   became due.

5        46.    At all relevant times, the Transfers were voidable under Cal. Civ. Code §§

6   3439.04(b) or 3439.05 and Cal Civ. Code § 3439.07 by one or more creditors who held and hold

7   unsecured claims against Playhut that were and are allowable against its estate under 11 U.S.C. §

8   502 or that were not and are not allowable only under 11 U.S.C. § 502(e).

9

10   **VI.**  **THIRD CLAIM FOR RELIEF**

11   **(Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§**

12   **548(a)(1)(B) and 550(a))**

13   **[Against All Defendants]**

14        47.    The allegations contained in paragraphs 1 through 46, inclusive, are re-alleged and

15   incorporated herein by this reference as though set forth in full herein.

16        48.    The Defendants did not take any of the Transfers for a reasonably equivalent value

17   and/or did not take such Transfers in good faith.

18        49.    At all relevant times within the four years immediately preceding the Petition Date,

19   Playhut: (a) was insolvent, or became insolvent as a result of the Transfers; (b) was engaged in or

20   was about to engage in a business or a transaction for which its remaining assets were

21   unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed

22   or reasonably should have believed that it would incur, debts beyond its ability to pay as they

23   became due.

24   **VII.**  **FOURTH CLAIM FOR RELIEF**

25   **(Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. § 550(a)(2))**

26   **[Against All Defendants]**

27        50.    The allegations contained in paragraphs 1 through 49, inclusive, are re-alleged and

28   incorporated herein by this reference as though set forth in full herein.

110634069.v1

51.     To the extent that the Defendants, named and unnamed, are not the initial transferees of the Transfers, such Defendants are immediate or mediate transferees of the initial transferee of such payments.

52.     To the extent that the Defendants, named and unnamed, are the immediate or mediate transferees of the initial transferee of the Transfers, such Defendants did not take such transfers for value and/or in good faith and/or without knowledge of the avoidability of such Transfers.

53.     Each of the Transfers referred to in this claim for relief is recoverable from such Defendants, named and unnamed, as an immediate or mediate transferee of the transfers the Zheng caused Playhut to make to the initial transferees thereof.

## VIII.  <u>FIFTH CLAIM FOR RELIEF</u>

### (Avoidance and Recovery of Property of the Bankruptcy Estate)

### [Against All Defendants]

54.     The allegations contained in paragraphs 1 through 53, inclusive, are re-alleged and incorporated herein by this reference as though set forth in full herein.

55.     Defendants are in possession of the property received through the Transfers.

56.     As the subject of the Transfers is property of the bankruptcy estate pursuant to 11 U.S.C. § 541, pursuant to 11 U.S.C. §§ 542 and 550, the Debtor is entitled to turnover of its interest in the Property and/or the value of its interest in the Property.

57.     Once the Transfers are recovered, pursuant to 11 U.S.C. § 551, the Transfers are preserved for the benefit of the estate.

## IX.  <u>SIXTH CLAIM FOR RELIEF</u>

### (Breach of Fiduciary Duty)

### [Against Defendant Zheng]

58.     The allegations contained in paragraphs 1 through 57, inclusive, are re-alleged and incorporated herein by this reference as though set forth in full herein.

59.     Zheng was the president and an officer of the Debtor at all relevant times herein.

110634069.v1

Under the California Corporations Code, officers and directors have fiduciary duties of loyalty and care to the corporation that prohibit such actions as self-dealing and the usurpation of corporate opportunities.

60.     As president, Zheng owed to the Debtor the fiduciary duties of care, loyalty, and good faith.  The duty of care requires a director or officer to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and family with such matters would use.  The duty of loyalty requires a director or officer to act in the best interests of the company, which shall take precedence over any interest possessed by the director or officer.  The duty of good faith requires a director or officer to act with true faithfulness and devotion in the best interests of the company.

61.     Zheng breached his duty of care to the Debtor by mismanaging the Debtor and failing to diligently operate the Debtor's corporate business.  Zheng's mismanagement permitted the Debtor's funds to be diverted to Defendants F5 Financial, Butler, and Feltman, at the expense of the Debtor's legitimate business.

62.     Zheng breached his duty of loyalty and good faith to the Debtor by acting in the best interests of Defendants rather than in the best interests of the Debtor.  Zheng engaged in corporate looting of the Debtor by allowing the transfer of the Debtor's funds to Defendants to the detriment of the Debtor and the Debtor's creditors, and at the expense of the Debtor's corporate opportunities.

63.     As a proximate result of these breaches, the Debtor suffered actual damages in the amount of $635,182.62.

///

///

///

///

11

110634069.v1

1

2                                    **PRAYER**

3       **WHEREFORE**, the Debtor prays for judgment as follows:

4       **AS TO THE DEBTOR'S FIRST THROUGH FIFTH CLAIMS FOR RELIEF**

5       1.      For avoidance and recovery of the Transfers;

6       2.      That the avoided Transfers be preserved for the benefit of the Debtor's bankruptcy

7               estate;

8       3.      For turnover of the Transfers or the Transfers' equivalent value;

9       4.      For interest as permitted by law from the date of the Transfers;

10                  **AS TO THE DEBTOR'S SIXTH CLAIM FOR RELIEF**

11      5.      For a judgment in the amount of $635,182.62.

12      6.      For interest as permitted by law from April 17, 2017.

13                       **AS TO ALL CLAIMS FOR RELIEF**

14      7.      For costs of suit incurred herein, including, without limitation, attorney's fees;

15      8.      For interest at the legal rate on all damages and sums awarded to Plaintiff; and

16      9.      For such other and further relief as the Court may deem just and proper.

17
        Dated: May 20, 2020                        **Respectfully submitted by,**
18

19                                                 **GOE FORSYTHE & HODGES LLP**

20
                                                   By: /s/Robert P. Goe
21                                                     Robert P. Goe
                                                       Rafael R. Garcia-Salgado
22                                                     Counsel to PH DIP, Inc., Debtor and
                                                       Debtor in Possession
23

24

25

26

27

28

                                              12

110634069.v1

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe - State Bar No. 137019<br>Rafael R. Garcia-Salgado - State Bar No. 283230<br>GOE FORSYTHE & HODGES LLP<br>18101 Von Karman Avenue, Suite 1200<br>Irvine, CA 92612<br>RGoe@goeforlaw.com<br>RGarcia@goeforlaw.com<br><br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>PH DIP, INC.,<br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-15972-WB<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: 2:20-ap- |
|---|---|
| PH DIP, INC.,<br><br><br><br>Plaintiff(s)<br>Versus<br>F5 FINANCIAL, INC., A TEXAS CORPORATION;<br>JAMES GILMORE BUTLER, III; JAMES G. BUTLER IN<br>HIS CAPACITY AS PRESIDENT AND DIRECTOR OF<br>F5 FINANCIAL INC; et al.,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____
> **Time:** _____
> **Courtroom:** _____
>
> **Address:**
> ☐ 255 East Temple Street, Los Angeles, CA 90012
> ☐ 3420 Twelfth Street, Riverside, CA 92501
> ☐ 411 West Fourth Street, Santa Ana, CA 92701
> ☐ 1415 State Street, Santa Barbara, CA 93101
> ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____


By: _____
                        Deputy Clerk


This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                      Page 2                                      **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____   _____   _____
*Date*          *Printed Name*            *Signature*

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1   Robert P. Goe – SBN 137019
    Rafael R. Garcia-Salgado – SBN 283230
2   **GOE FORSYTHE & HODGES LLP**
    18101 Von Karman Ave., Ste. 1200
3   Irvine, CA 92612
    RGoe@goeforlaw.com
4   RGarcia@goeforlaw.com
    Telephone:  (949) 798-2460
5   Facsimile:   (949) 955-9437

6   Attorneys for PH DIP, Inc.

7

8                   **UNITED STATES BANKRUPTCY COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

10

11  In re:                                    Case No.  2:18-bk-15972-WB

12  PH DIP, INC.,                             Chapter 11 Case

13          Debtor and Debtor in Possession.  Adv. Case No.: 2:20-ap-01125-WB

14  PH DIP, INC.,                             **NOTICE OF COMPLIANCE WITH**
                                              **LOCAL BANKRUPTCY RULE 7026-1**
15          Plaintiff,
                                              <u>Status Conference Hearing</u>:
16  -vs-                                      Date:      July 21, 2020
                                              Time:      2:00 p.m.
17  F5 FINANCIAL, INC., A TEXAS               Courtroom: 1375
    CORPORATION; JAMES GILMORE
18  BUTLER, III; JAMES G. BUTLER IN HIS                  U. S. BANKRUPTCY COURT
    CAPACITY AS PRESIDENT AND                            255 East Temple Street
19  DIRECTOR OF F5 FINANCIAL INC.; DAVID                 Los Angeles, CA 90012
    FELTMAN; DAVID FELTMAN DBA LAW
20  OFFICE OF DAVID FELTMAN; BRIAN
    ZHENG; and DOES 1-25.
21
            Defendants.
22

23                    **LBR 7026-1. DISCOVERY**

24  **(a)    General.**    Compliance with FRBP 7026 and this rule is required in all adversary

25  proceedings.

26          (1)    Notice. The plaintiff must serve with the summons and complaint a notice that

27  compliance with FRBP 7026 and this rule is required.

28          (2)    Proof of Service. The plaintiff must file a proof of service of this notice together

                                          1

1    with the proof of service of the summons and complaint.

2    **(b) Discovery Conference and Disclosures.**

3        (1)    Conference of Parties. Unless all defendants default, the parties must conduct the

4    meeting and exchange the information required by FRBP 7026 within the time limits set

5    forth therein.

6        (2)    Joint Status Report. Within 7 days after such meeting, the parties must prepare a

7    joint status report containing the information set forth in LBR 7016-1(a)(2). The joint

8    status report will serve as the written report of the meeting required by FRBP 7026.

9    **(c) Failure to Make Disclosures or Cooperate in Discovery.**

10        (1)    General. Unless excused from complying with this rule by order of the court for

11    good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-

12    7037 or FRBP 2004 in accordance with this rule.

13        (2)    Meeting of Counsel. Prior to the filing of any motion relating to discovery, counsel

14    for the parties must meet in person or by telephone in a good faith effort to resolve a

15    discovery dispute. It is the responsibility of counsel for the moving party to arrange the

16    conference. Unless altered by agreement of the parties or by order of the court for cause

17    shown, counsel for the opposing party must meet with counsel for the moving party

18    within 7 days of service upon counsel of a letter requesting such meeting and specifying

19    the terms of the discovery order to be sought.

20        (3)    Moving Papers. If counsel are unable to resolve the dispute, the party seeking

21    discovery must file and serve a notice of motion together with a written stipulation by the

22    parties.

23            (A)    The stipulation must be contained in 1 document and must identify,

24    separately and with particularity, each disputed issue that remains to be determined

25    at the hearing and the contentions and points and authorities of each party as to

26    each issue.

27            (B)    The stipulation must not simply refer the court to the document containing

28    the discovery request forming the basis of the dispute. For example, if the

2

1    sufficiency of an answer to an interrogatory is in issue, the stipulation must contain,

2    verbatim, both the interrogatory and the allegedly insufficient answer, followed by

3    each party's contentions, separately stated.

4        (C)    In the absence of such stipulation or a declaration of counsel of

5    noncooperation by the opposing party, the court will not consider the discovery

6    motion.

7    (4)    <u>Cooperation of Counsel; Sanctions</u>. The failure of any counsel either to cooperate

8    in this procedure, to attend the meeting of counsel, or to provide the moving party the

9    information necessary to prepare the stipulation required by this rule within 7 days of the

10    meeting of counsel will result in the imposition of sanctions, including the sanctions

11    authorized by FRBP 7037 and LBR 9011-3.

12    (5)    <u>Contempt</u>. LBR 9020-1 governing contempt proceedings applies to a discovery

13    motion to compel a non-party to comply with a deposition subpoena for testimony and/or

14    documents under FRBP 7030 and 7034.

15

16    Dated: May 22, 2020                    GOE FORSYTHE & HODGES LLP

17
                                            By: /s/Robert P. Goe
18                                              Robert P. Goe
                                                Rafael R. Garcia-Salgado
19                                              Counsel to PH DIP, Inc., Debtor and
                                                Debtor in Possession
20

21

22

23

24

25

26

27

28

3

Mette H. Kurth (CA 187100/DE 6491)
**FOX ROTHSCHILD LLP**
919 North Market Street, Ste. 300
Wilmington, DE 19899-2323
Telephone: (302) 654-7444
Facsimile: (302) 656-8920
mkurth@foxrothschild.com

Rom Bar-Nissim (CA 293356)
**FOX ROTHSCHILD LLP**
10250 Constellation Place, Ste. 900
Los Angeles, CA 90067-1506
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
rbar-nissim@foxrothschild.com

*Counsel for the Official Committee*
*of Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:18-bk-15972-WB |
| **PH DIP, INC.,**[1] | Chapter 11 |
| Debtor. | |
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS**, | Adv. Proc. No. 2:19-ap-01450-WB |
| Plaintiff, | **NOTICE THAT ADVERSARY PROCEEDING IS SUBJECT TO THE ORDER GRANTING MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT ON BEHALF OF THE DEBTOR'S ESTATE [DOC #482]** |
| vs. | |
| **BARCLAYS BANK PLC d/b/a BARCLAY CARD U.S.,** a Delaware Corporation, | |
| Defendant. | |

---

[1]    On December 3, 2018, the Court entered its *Order Granting Motion for Order Authorizing Change in Case Caption* [Docket No. 266].

Active\107057702.v1-1/23/20

**PLEASE TAKE NOTICE THAT** the above-captioned adversary proceeding is subject to the *Order Granting Motion for an Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought on Behalf of the Debtor's Estate* [Dkt #482] (the "Mediation Order").  A true and correct copy of the Mediation Order is attached hereto at Exhibit 1.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Paragraph 5 and 6 of the Mediation Order, a stay of proceedings is imposed pending mediation:

> 5. All Estate Actions not settled or otherwise resolved within 30 days after an answer or other responsive pleading to a complaint is filed shall automatically be referred to mandatory, non-binding mediation.

> 6. The Parties shall participate in mediation as set forth herein. ***All other non-mediation proceedings, including but not limited to fact discovery, expert discovery, dispositive motions, and status conferences, are stayed pending the conclusion of mediation*** . . . .

**PLEASE TAKE FURTHER NOTICE THAT** it is therefore requested that the Court defer or continue any status conferences in this adversary proceeding until a date that is at least 60 days from the date of this notice.

Date:  January 23, 2019                    **FOX ROTHSCHILD LLP**


                                    By:    */s/ Mette H. Kurth*
                                           Mette H. Kurth
                                           Counsel for the Official Committee of Unsecured
                                           Creditors

Active\107057702.v1-1/23/20

# EXHIBIT 1

1  Mette H. Kurth (CA 187100/DE 6491)
2  **FOX ROTHSCHILD LLP**
   919 North Market Street, Ste. 300
3  Wilmington, DE 19899-2323
   Telephone: (302) 654-7444
4  Facsimile: (302) 656-8920
   mkurth@foxrothschild.com
5
6  Amanda D. Murray (SBN 305018)
   **FOX ROTHSCHILD LLP**
7  10250 Constellation Place, Ste. 900
   Los Angeles, CA 90067-1506
8  Telephone: (310) 228-6998
   Facsimile: (310) 556-9828
9  amurray@foxrothschild.com
10
   *Counsel for the Official Committee*
11 *of Unsecured Creditors*
12
13
14
15
16  In re:
17  **PH DIP, INC.,**[1]
18                  Debtor.
19
20
21
22

FILED & ENTERED

**DEC 19 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bryant      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

Case No. 2:18-bk-15972-WB

Chapter 11

**ORDER GRANTING MOTION FOR AN
ORDER ESTABLISHING STREAMLINED
PROCEDURES GOVERNING
ADVERSARY PROCEEDINGS BROUGHT
ON BEHALF OF THE DEBTOR'S
ESTATE**

23
24        Upon the *Motion for an Order Establishing Streamlined Procedures Governing Adversary*
25  *Proceedings Brought on Behalf of the Debtor's Estate*, (the "Procedures Motion")[2] dated October
26
27  _____
   [1]   On December 3, 2018, the Court entered its *Order Granting Motion for Order Authorizing Change in
28        Case Caption* [D.I. 266].

Active\105933406.v2-12/17/19

25, 2019 [D.I. #454], filed by the Official Committee of Unsecured Creditors of PH DIP, Inc. (the

"Committee"), by and through its undersigned counsel, for entry of a procedures order pursuant to

sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules

7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy

Rules"), establishing streamlined procedures governing all adversary actions brought in connection

with the above-captioned case, including but not limited to: (a) all adversary actions brought under

sections 542, 547, 548, 549 and 550 of the Bankruptcy Code; and (b) all adversary actions brought

against any parties identified in Exhibit A annexed hereto, as it may be amended or supplemented

(each an "Estate Action," and collectively, the "Estate Actions"); and this Court having jurisdiction

to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C.

§§ 157(b)(2)(A), (B), (F), (H), (O); and no objections having been filed in connection with the

Procedures Motion; and it appearing that the relief requested by the Procedures Motion is necessary,

appropriate, and in the best interests of the Debtor, its estate, and its creditors; and due notice of the

Procedures Motion having been provided; and it appearing that no other or further notice of the

Procedures Motion need be provided; and sufficient cause appearing therefore, it is hereby:

**ORDERED**, that the Procedures Motion be, and hereby is, granted in all respects; and it is

further

**ORDERED**, that the procedures governing all parties to the Estate Actions (the "Parties")

are as follows:

**A.      Effectiveness of this Procedures Order**

1.      This Order approving the Procedures Motion shall apply to all Parties.

2.      This Order will not alter, affect or modify the rights of any defendant in the Estate

Actions (the "Defendant(s)") to seek a jury trial or withdraw the reference, or otherwise move for a

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
      Procedures Motion.

Active\105933406.v2-12/17/19

determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

**B.      Extensions to Answer or File a Responsive Pleading to a Complaint**

3.      The time to file an answer or other responsive pleading to a complaint filed in an Estate Action shall be 30 days after the issuance of the summons; *provided, however,* that if the Parties jointly agree in writing to enter mediation prior to the due date for the answer or responsive pleading, the answer or response due date shall be deferred until 15 days following the completion of mediation and the filing of the Mediator's Report. Further extensions of the answer or response due date shall not be granted except upon a motion or stipulation of the Parties, approved by order of the Court.

4.      The Parties are prohibited from filing any dispositive motions, including but not limited to any motions under Federal Rule of Civil Procedure 12(b)(1) to (7) (made applicable by Bankruptcy Rule 7012) and under Federal Rule of Civil Procedure 56 (made applicable by Bankruptcy Rule 7056), and any deadlines then in effect shall be tolled, pending the conclusion of mediation and filing of the Mediator's Report.

**C.      Stay Pending Mediation**

5.      All Estate Actions not settled or otherwise resolved within 30 days after an answer or other responsive pleading to a complaint is filed shall automatically be referred to mandatory, non-binding mediation.

6.      The Parties shall participate in mediation as set forth herein. All other non-mediation proceedings, including but not limited to fact discovery, expert discovery, dispositive motions, and status conferences, are stayed pending the conclusion of mediation (the "Stay of Proceedings").

**D.      Waiver of Requirement to Conduct Scheduling Conference**

3

Active\105933406.v2-12/17/19

7.      Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), is hereby waived and is not applicable to the Estate Actions. Thus, the Parties to the Estate Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**E.    Mediation Procedures and Requirements**

8.      Because the Estate Actions are proceedings before this Court, the Central District of California is the proper forum for mediation. The *Third Amended General Order No. 95-01* implemented by the United States Bankruptcy Court for the Central District of California on July 1, 1995 (the "Mediation Order"), provides that adversary proceedings in this district are eligible for mediation unless otherwise ordered by the judge in the matter.

9.      The Parties shall in good faith seek to mutually select a mediator from the list of mediators attached as Exhibit B hereto (the "Mediator List") within 10 days of the earlier of: (a) the date on which the Parties have jointly agreed, in writing, to enter mediation; or (b) the date on which the Defendant files an answer or other responsive pleading. If the Parties are unable to agree on a mediator from the Mediator List within such timeframe, the Parties shall select another mediator included on the panel of mediators established pursuant to the Mediation Order, as set forth on the register of mediators maintained by the Bankruptcy Court, and mutually agreed to by the Parties.

10.      Plaintiff's counsel shall promptly file a notice of selection of the mediator (each a "Mediator," and collectively, the "Mediators") on the docket of the related Estate Action by filing with the Court a Notice of Referral, in substantially the form of the notice attached hereto as Exhibit C, and by serving the Notice of Referral upon all Defendants.  The Parties shall contact the selected Mediator as soon as practicable and the selection shall be preapproved in advance of the mediation.

11.      Immediately upon notification of such selection or assignment, a selected Mediator shall run conflicts, and in the event of a conflict, may abstain from acting in the particular mediation.

4

Each Mediator shall be required to file conflict disclosures pursuant to section 5.6 of the Mediation Order.

12. Within seven days of the filing of Notice of Referral for the relevant Mediation, the Parties, working with the Mediator selected, will commence scheduling Mediations. Each Mediator will provide to the plaintiff the dates on which the Mediator is available for mediation and the Parties shall cooperate with the Mediator and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact the Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the Mediator. Mediation will then be conducted at a date and time acceptable to the Parties and the Mediator.

13. The Parties much conclude mediation with respect to the Post-Petition Transfer Actions identified on Exhibit A within 30 days of this Order, and no later than seven business days prior to the date of the hearing to consider confirmation of the [Joint] Chapter 11 Plan of Liquidation Filed by Debtor [and Official Committee of Unsecured Creditors] dated January 17, 2019 (the "Confirmation Hearing Date"). The Parties must conclude mediation with respect to all other Estate Actions within 120 days of this Order, unless further extended by written agreement of the Parties and the Mediator.

14. The plaintiff will give at least 14 calendar days written notice of the first date, time and place of the mediation in each Estate Action (the "Mediation Notice"), which notice shall be filed on the docket of the applicable adversary proceeding.

15. Within five business days after the conclusion of each mediation, the Mediator shall submit a report with respect to the relevant Estate Action in substantially the form of Form 709 Mediator's Confidential Report of Mediation Conference (the "Mediator's Report"), provided that the Mediator's Report for the Post-Petition Transfer Actions is filed on or before the Confirmation

5

Hearing Date. The Mediator's Report shall be limited to stating: (a) whether the Estate Action settled or did not settle; (b) the dates of the Mediation; and (c) the Parties attending the Mediation.

16.      Each mediation shall take place in Los Angeles County, California and shall be held at: (a) the law offices of Fox Rothschild LLP; (b) the Mediator's office; or (c) another location agreed upon by the Mediator and the Parties.

17.      Upon notice and a hearing, a Party's unexcused failure to appear at a Mediation or otherwise comply with the Procedures Order with respect to the Mediation may result in a default judgment against the Defendant(s) or dismissal of the Estate Action. The Mediator shall promptly file a notice with the Court when any Party fails to comply with the mediation provisions set forth in this Procedures Order.

18.      The Parties to each Mediation will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution.  At least one counsel for each Party and a representative for the Defendant having full settlement authority shall attend the mediation in person except that, upon the request of a Party, a Mediator, in his or her discretion, after conferring with the Defendant representative and its counsel, may allow a Party representative to appear telephonically while its counsel appears in person.[3]  Any such request must be made at least 10 business days prior the scheduled mediation date or such request is deemed waived. Should a Party representative appear by telephone, counsel appearing in person for that Party must have full settlement authority.  To the extent a Mediator grants a Party's request to appear telephonically, the requesting Party is responsible for arranging for and paying any fees associated with teleconference services.

---

[3]      Counsel for the Plaintiff may serve as the representative of the Debtor, the Trustee, or the Committee (each an "Estate Representative"), as applicable, with full settlement authority in order to alleviate the need for an Estate Representative to participate at the Mediation. The Estate Representative shall advise the Mediator and Defendant(s) within seven days before the scheduled Mediation whether he or she will be available telephonically or will be appearing in person.

6

19. The Mediator will preside over the mediation with full authority to determine the nature and order of the Parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

20. Mediation statements are due to the Mediator seven business days before the Mediation. Mediation statements shall include any relevant papers and exhibits, a statement of position (to be shared with the other Parties unless otherwise directed by the Mediator), and a confidential settlement proposal (not to be shared with the other Parties). In addition, any Party that has confidential information may share such information solely with the Mediator. The Mediator will direct the Parties as to further instructions regarding the mediation statements.

21. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the Parties.

22. If the Mediator feels that a Party to a mediation is not attempting to schedule or resolve the mediation in good faith, the Mediator may file a report with the Court. The Court may, without need for further motion by any Party, schedule a hearing. If the Court determines that the Party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either Party to a mediation is not attempting to schedule or resolve the mediation in good faith, the opposing Party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the Mediation. Sanctions may include, but are not limited to, attorney's fees and costs and fees of the Mediator.

7

23.     The full fees and expenses of the Mediator shall be paid by any Party that cancels or fails to appear at Mediation unless the Party notifies the Mediator of the cancellation in writing no less than ten days prior to the scheduled mediation date (not counting the day scheduled for mediation), subject to further restriction set by any selected Mediator.

24.     The fees and reasonable expenses of the Mediator shall be shared equally by the Parties to each Mediation on a per case basis.  Each Party shall pay its portion of the Mediator's fee at least seven days before the commencement of mediation. The Parties shall each pay half (50%) of the Mediator's reasonable expenses, per case, within 14 days after billing by the Mediator.

25.     The Mediator's fees shall be fixed as follows:

| Claim Amount[4] | Half Day | Full Day |
|---|---|---|
| < $100,000 | $3,500 | $5,000 |
| ≥ $100,000 and < $250,000 | $4,500 | $7,000 |
| ≥ $250,000 and < $1,000,000 | $5,500 | $8,000 |
| ≥ $1,000,000 | $6,500 | $9,000 |

26.     When scheduling any mediation, the Parties are to advise the mediator in advance as to whether the mediation is to be scheduled for a full or half day. A full day of mediation is 7 hours and includes 2 hours of preparation time by the mediator.  A half day of mediation is 3 ½ hours and includes 2 hours of preparation time. If a mediation scheduled for a half day goes beyond 4 hours, then the full day rate will be charged.  If a mediation exceeds 7 hours, the mediator will charge the Parties an additional fee at a rate of $700 per hour.

27.     If the Parties mutually request that the Mediator travel from Los Angeles County to some other location for the mediation, and the Mediator agrees to the location, the Mediator's fees shall increase by $800 per Party, per case, plus the Mediator's out of pocket expenses for travel and

---

[4]     As reflected in the Complaint.

Active\105933406.v2-12/17/19

lodging (if necessary). The Mediators will not otherwise charge for travel time or travel related expenses.

28. Without the prior consent of both Parties, no Mediator shall mediate a case in which he/she or his/her firm represents a Party. If a Mediator's firm represents any Party in the Estate Actions, then: (a) the Mediator shall not personally participate in the representation of that Party; (b) the firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Estate Action by employees of the firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Mediation Order shall not create a conflict of interest with respect to the representation of such Parties by the Mediator's firm.

29. The Mediator shall not be called as a witness by any Party except as set forth in this paragraph. No Party shall attempt to compel the testimony of, or compel the production of documents from, any Mediator or his/her agents, partners or employees of his/her respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees: (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation; or (b) shall be liable to any Party for any act or omission in connection with any mediation conducted under the Mediation Order. Any documents provided to the Mediator by a Party shall be destroyed 30 days after the filing of the Mediator's Report unless the Mediator is otherwise ordered by the Court. However, subject to court order, a Mediator may be called as a witness by any Party and may be compelled to testify on a limited basis in proceedings where it is alleged that a Party failed to comply with the terms of this Order.

30. All proceedings and writings incident to the mediation shall be privileged and confidential and subject to all the protections of Federal Rule of Evidence 408 and shall not be reported or admitted into evidence for any reason whatsoever. Nothing stated or exchanged during

9

mediation shall operate as an admission of liability, wrongdoing, or responsibility.  Local Rule 9019-1 shall apply.

**F.      Post-Mediation Proceedings**

31.      If an Estate Action is resolved after mediation, the Stay of Proceedings shall be extended following the completion of mediation and the filing of the Mediator's Report. The Parties shall file any required motion to approve their settlement with the Court within 30 days after the completion of mediation and the filing of the Mediator's Report.

32.      If an Estate Action remains unresolved after mediation, the Stay of Proceedings is lifted and the Parties shall file a joint proposed scheduling order with the Court within 30 days after the later of: (a) the filing of the Mediator's Report; or (b) the filing of an answer or responsive pleading. The joint proposed scheduling order shall reflect all dates and deadlines within this Order. The joint proposed scheduling order shall also contain any remaining necessary dates and deadlines not set forth within this Order.

**G.      Discovery Schedule and Procedures for Unresolved Estate Actions**

33.      In accordance with Bankruptcy Rule 7026(a)(1), the disclosures required (the "Initial Disclosures") shall be made by the later of 30 days after the later of: (a) the filing of the Mediator's Report; or (b) the filing of an answer or responsive pleading.

34.      Except as set forth herein, all written interrogatories, document requests and requests for admission, if any, may be served upon the adverse Party any time after the service of Initial Disclosures or in conjunction with the service of the Initial Disclosures.

35.      The Parties shall have 60 days from the later of the filing of the Mediator's Report or the filing of an answer or responsive pleading to complete non-expert fact discovery, including depositions of fact witnesses.

10

36. The Parties shall have 90 days from the completion of non-expert fact discovery to complete expert discovery, including depositions of expert witnesses.

**H. Other Pre-Trial Procedures for Unresolved Estate Actions**

37. Except as set forth in this Order, the standard provisions of Federal Rules of Civil Procedure, made applicable herein pursuant to the Federal Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Central District of California, shall apply to the Estate Actions with respect to pre-trial matters not addressed within this Order. This Order shall control with respect to the Estate Actions to the extent of any conflict with other applicable rules and orders.

**I. Miscellaneous**

38. The deadlines and/or provisions contained in this Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the Parties pursuant to stipulation, which stipulation needs to be filed with the Court; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Date: December 19, 2019

_Julia W Brand_

Julia W. Brand
United States Bankruptcy Judge

11

# Exhibit A

### Estate Actions[5]

| Post-Petition Transfer Actions |
| --- |
| Bank of America, N.A. |
| Barclay Card PCL & Barclay Card U.S. |
| JP Morgan Chase Bank, N.A. |
| Yu "Brian" Zheng |
| **Preference Actions** |
| American Express & American Express National Bank |
| Disney Consumer Prod. Latin Am |
| Hangzhou Taiyuan Outdoor |
| BPP Shiraz Fullerton 89 LP |
| Matson Navigation |
| Market Union Co.,Ltd |
| Zhejiang Onetouch Business |
| Diverse Marketing, L.L.C. |
| Invensure Insurance Brokers |
| **Fraudulent Transfer & Other Actions** |
| 1 West Capital, LLC |
| Broadway Advanced Funding & Broadway Advance LLC |
| Capital One Financial Corporation |
| Citi Capital LLC |
| Complete Business Solutions Group, d/b/a PAR Funding |
| Computer Mortgage Corporation |
| EBF Partners LLC d/b/a Everest Business Funding |
| F5 Financial, Inc. |
| GTL, LLP |
| Harry C. Lin, MBA, CPA |
| HSBC Bank USA, N.A. |
| Loan Oak Fund, LLC |
| Tesla, Inc. |
| Family Dollar Stores, Inc. |
| Kids Warehouse |

---

[5]   References to the Defendants include the named Defendants as well as any affiliates.

12

# Exhibit B

### Mediator List

| | Sharon Weiss Availability | Geoffrey Berman Availability |
| --- | --- | --- |
| American Express & American Express National Bank | X | X |
| Bank of America, N.A. | *Conflict* | X |
| Barclay Card PCL & Barclay Card U.S. | *Conflict* | X |
| BPP Shiraz Fullerton 89 LP | *Conflict* | X |
| Broadway Advanced Funding & Broadway Advance LLC | X | X |
| Capital One Financial Corporation | *Conflict* | X |
| Citi Capital LLC | X | X |
| Complete Business Solutions Group, d/b/a PAR Funding | X | X |
| Computer Mortgage Corporation | X | X |
| Disney Consumer Prod. Latin Am | *Conflict* | X |
| Diverse Marketing, L.L.C. | X | X |
| EBF Partners LLC d/b/a Everest Business Funding | X | X |
| F5 Financial, Inc. | X | X |
| GTL, LLP | X | X |
| Hangzhou Taiyuan Outdoor | X | X |
| Harry C. Lin, MBA, CPA | X | X |
| HSBC Bank USA, N.A. | *Conflict* | X |
| Invensure Insurance Brokers | X | X |
| Loan Oak Fund, LLC | X | X |
| Market Union Co.,Ltd | X | X |
| Matson Navigation | X | X |
| Tesla, Inc. | X | X |
| Yellowstone Capital West, LLC | X | X |
| Yu "Brian" Zheng | X | X |
| Zhejiang Onetouch Business | X | X |

13

# **Exhibit C**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Mette H. Kurth (CA 187100/DE 6491)<br>**FOX ROTHSCHILD LLP**<br>919 North Market Street, Ste. 300<br>Wilmington, DE 19899-2323<br>Telephone: (302) 654-7444<br>Facsimile: (302) 656-8920<br>mkurth@foxrothschild.com<br><br>*Counsel for the Official Committee of Unsecured Creditors* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - *Name of* DIVISION**

| | |
|---|---|
| In re:<br><br>PH DIP, Inc.<br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-15972-WB<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: |
| <br><br><br><br>Plaintiff(s),<br><br>vs.<br><br><br><br>Defendant. | **NOTICE OF REFERRAL TO MEDIATION AND APPOINTING MEDIATOR**<br><br>☐ **EXHIBIT ATTACHED**<br><br>**(PARTIES' SIGNATURE PAGE)**<br><br>[NO HEARING REQUIRED] |

This _____
      (Adversary proceeding/name of dispute in main case)
is assigned to the Bankruptcy Mediation Program of this district, and the following are appointed as Mediator and Alternate Mediator:

Mediator:

_____
Name

_____
Firm name

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_____
Address

_____
City, state, zip code

_____
Telephone

_____
Facsimile

_____
Email address

<u>The attorneys for the parties are:</u>

Attorney for The Official Committee of Unsecured:

Creditors

<u>Mette H. Kurth, Equire</u>
Name

<u>Fox Rothschild LLP</u>
Firm name
<u>919 N. Market Street</u>
<u>Suite 300</u>
Address

<u>Wilmington, DE 19801</u>
City, state, zip code

<u>(302) 622-4209</u>
Telephone

<u>(302) 656-8920</u>
Facsimile

<u>mkurth@foxrothschild.com</u>
Email address

Attorney for _____:

_____
Name

_____
Firm name

_____
Address

_____
City, state, zip code

_____
Telephone

_____
Facsimile

_____
Email address

**[Attach additional page(s) if necessary.]**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Description of the Matter:

1. ☐ Objection to claim/claim resolution

2. ☐ Plan

    ☐ Objection to plan confirmation

    ☐ Plan formulation/negotiation

3. ☐ Valuation

4. ☐ Preference

5. ☐ Fraudulent transfer

6. ☐ Lien avoidance

7. ☐ Dischargeability

    Specify grounds:_____

8. ☐ Other. Please specify:_____


Amount of money at issue in Matter:

1. ☐ $0 to $1,000

2. ☐ $1,001 to $10,000

3. ☐ $10,001 to $50,000

4. ☐ $50,001 to $100,000

5. ☐ $100,001 to $500,000

6. ☐ $500,001 to $1,000,000

7. ☐ $1,000,001 to $5,000,000

8. ☐ $5,000,001 to $10,000,000

9. ☐ If more than $10,000,000,

    state amount: $ _____

10. ☐ Money not at issue.


The parties are to comply with the provisions of Third Amended General Order No. 95-01, as supplemented and modified by the Order Granting Motion for An Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought on Behalf of the Debtor's Estate.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**[EXHIBIT – PARTIES' SIGNATURE PAGE]**

**SUBMITTED JOINTLY BY:**

Date:_____                        <u>Official Committee of Unsecured Creditors</u>
                                                 Printed name of party

                                                 _____
                                                 Signature of party

Date:_____                        Mette H. Kurth, Esquire
                                                 Printed name of party's attorney

                                                 _____
                                                 (Signature of party's counsel)

Date:_____                        _____
                                                 (Name of party)

                                                 _____
                                                 (Signature of party)

Date:_____                        _____
                                                 (Name of party's counsel)

                                                 _____
                                                 (Signature of party's counsel)

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled **ORDER ASSIGNING MATTER TO MEDIATION PROGRAM AND APPOINTING MEDIATOR AND ALTERNATE MEDIATOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL** (indicate method for each person or entity served):
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Mediator:
Alternate Mediator:
Honorable Barry Russell, Mediation Program Administrator - 255 E. Temple, Room 1660, Los Angeles, CA 90012

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
  *Date*                *Printed Name*                          *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Fox Rothschild LLP 919 North Market Street, Suite 300, Wilmington, DE 19899-2323

A true and correct copy of the foregoing document entitled (*specify*): Notice that Adversary Proceeding is Subject
to the Order Granting Motion for an Order Establishing Streamlined Procedures Governing Adversary Proceedings
Brought on Behalf of the Debtor's Estate [D.I. 482]

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
January 23, 2020    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:
- Mette H Kurth     mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Jeffrey L Sklar     JSklar@lrrc.com, BankruptcyNotices@lrrc.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 23, 2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 23, 2020    , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
VIA OVERNIGHT MAIL

Hon. Julia Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street
Los Angeles, CA 90012

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/23/2020 | Amanda M. Hrycak | /s/ Amanda M. Hrycak |
|-----------|------------------|----------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

18101 Von Karman, Suite 1200
Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

Complaint; Notice of Compliance with LBR 7026-1; Notice That Adversary Proceeding Is Subject To The Order Granting Motion For An Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought on Behalf Of The Debtor's Estate [Doc #482]

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___05/22/2020_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) ___05/22/2020_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___05/22/2020_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Julia W. Brand, USBC, 255 East Temple Street, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| ___05/22/2020___ | ___Kerry A. Murphy___ | ___/s/Kerry A. Murphy___ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*

**F 7004–1.SUMMONS.ADV.PROC**

# DEFENDANTS

**Defendant – Address per Secretary of State for Texas**
F5 Financial, Inc.
c/o Registered Agent
J. Nathan Overstreet
8711 Highway 6 North, Suite 230
Houston, TX 77095

**Defendant**
James Gilmore Butler
c/o J. Nathan Overstreet
8711 Highway 6 North, Suite 230
Houston, TX 77095

**Defendant**
James G. Butler in his capacity as
President and Director of F5 Financial,
Inc.
c/o J. Nathan Overstreet
8711 Highway 6 North, Suite 230
Houston, TX 77095

**Defendant**
David Feltman
c/o Law Offices of David Feltman
10275 W Higgins Rd
Rosemount, IL 60018-5625

**Defendant**
David Feltman dba Law Offices of David
Feltman
10275 W Higgins Rd
Rosemount, IL 60018-5625

**Defendant**
Brian Zheng
19901 Tennessee Trail
Walnut, CA 91789-4914

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/15/2021 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Bradley E Brook     bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com
Robert P Goe     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/15/2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

F5 Financial, Inc., James Gilmore Butler, III, and James G. Butler as President and Director, c/o Registered Agent, J. Nathan Overstreet, 8711 Highway 6 North, Suite 230, Houston TX 77095

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/15/2021 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Julia Brand, USBC, 255 E. Temple Street, Los Angeles, CA 90012
(DOCUMENT DELIVERY TO COURT SUSPENDED DUE TO COVID-19 PROTOCOLS)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/15/2021 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                          Page 4                          **F 7055-1.2.DEFAULT.JMT.MOTION**